JS 44 (Rev. 12/07) cand

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Verified Identity Pass, Inc., d/b/a Clear Registered Traveler

## DEFENDANTS
Priva Technologies, Inc.

**(b)** County of Residence of First Listed Plaintiff New York County, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Douglas L. Hendricks (CA SBN 83661)
Rosemary S. Tarlton (CA SBN 154675)
Brian L. Levine (CA SBN 246726)
Morrison & Foerster , 425 Market Street
San Francisco, CA 94105-2482, (415) 268-7000

Attorneys (If Known)

BZ ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State. | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R.& Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [X] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1114, et seq., 15 U.S.C. § 1125(a), et seq.

Brief description of cause: Trademark infringement, unfair competition and false designation of origin.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ injunctive relief
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE 2/25/08

SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: <u>47 USC 553</u>
                                                                          Brief Description: <u>Unauthorized reception of cable service</u>

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com

COPY

1   DOUGLAS L. HENDRICKS (CA SBN 83611)
    DHendricks@mofo.com
2   ROSEMARY S. TARLTON (CA SBN 154675)
    BRIAN L. LEVINE (CA SBN 246726)
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California 94105-2482
    Telephone: 415.268.7000
5   Facsimile: 415.268.7522

6   Attorneys for Plaintiff
    VERIFIED IDENTITY PASS, INC., D/B/A CLEAR
7   REGISTERED TRAVELER

8

                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA                    **BZ**
10
                     SAN FRANCISCO DIVISION
11

12
    VERIFIED IDENTITY PASS, INC., d/b/a          Case No.    **CV 08 1123**
13  CLEAR REGISTERED TRAVELER,
                                                 **COMPLAINT FOR FEDERAL**
14                    Plaintiff,                 **TRADEMARK INFRINGEMENT,**
                                                 **UNFAIR COMPETITION, AND**
15        v.                                     **FALSE DESIGNATION OF**
                                                 **ORIGIN; STATE LAW UNFAIR**
16  PRIVA TECHNOLOGIES, INC.,                    **COMPETITION; COMMON**
                                                 **LAW TRADEMARK**
17                    Defendant.                 **INFRINGEMENT; AND**
                                                 **INJUNCTIVE RELIEF**
18
                                                 **DEMAND FOR JURY TRIAL**
19

20

21

22

23

24

25

26

27

28

COMPLAINT                                                                      1
DEMAND FOR JURY TRIAL
pa-1235492

1        This case is about the obvious consumer confusion and unfair competition that will result

2  if a latecomer to the emerging registered traveler business is allowed to use the trademark

3  "CLEARED" in competition with the well-established industry leader who, since the industry's

4  inception, has operated using the trademark "CLEAR."

5        Plaintiff Verified Identity Pass, Inc. d/b/a Clear Registered Traveler ("Verified") is the

6  pioneer of the private sector registered traveler program and currently the leading provider of

7  registered traveler cards and services for consumers of air travel. Since the inception of the

8  industry in 2005, Verified has competed for the right to provide expedited security lanes at

9  airports nationwide, and to provide consumers with the associated registered traveler cards, all

10  under its trademark "CLEAR." After having sat on the sidelines while Verified made substantial

11  investments not only to build its own brand, but also to build the infrastructure for the industry

12  and eliminate the risks for newcomers, Priva Technologies, Inc. ("Priva") now seeks to

13  wrongfully and willfully infringe on Verified's "CLEAR" trademark by offering a competing

14  registered traveler card and service under the virtually identical mark, "CLEARED." Priva's

15  threatened actions will directly siphon off Verified's years of investment and will erode the good

16  will and reputation Verified has earned. And most obviously, Priva's threatened actions will

17  create hopeless confusion among consumers if its intentional conduct is not stopped.

18        Verified launched the first private sector registered traveler program in the United States

19  in the summer of 2005, with the opening of a registered traveler lane at the Orlando airport

20  available to subscribers using a CLEAR card. Since that launch, Verified has worked tirelessly to

21  ensure the success of the registered traveler business and the prominence of its CLEAR card and

22  services, receiving nationwide recognition in publications such as The Wall Street Journal, The

23  New York Times, The Washington Post, The Boston Globe and USA Today. Verified has

24  enrolled nearly 100,000 subscribers in its CLEAR membership services, and is now operating

25  CLEAR express lanes at twelve airports nationwide, including San Francisco, San Jose, New

26  York JFK and La Guardia. Verified continues to actively bid on additional airports and next

27  month will roll out its registered traveler lanes at Reagan, Washington Dulles, and Oakland

28  airports. In addition, millions of Clear advertisements have been sent directly to individual

COMPLAINT
DEMAND FOR JURY TRIAL
pa-1235492

2

1    consumers through Clear marketing partners, including Visa, American Express, Hyatt Hotels,

2    British Airways, AirTran Airways, Frontier Airlines, and Virgin Atlantic Airways, among others.

3    Despite the prominence of Verified's CLEAR cards and services, Priva made a brazen and

4    audacious announcement on February 18, 2008 of its intention to launch a registered traveler card

5    and service under the CLEARED mark, a mark never before used for consumer services in the

6    registered traveler program. Instead, we are informed that Priva has used its CLEARED mark

7    solely in connection with software and hardware marketed to businesses, financial institutions,

8    and government agencies seeking to ensure the safety of their sensitive data. In making the

9    February 18 announcement, Priva boldly asserted its right to use its enterprise technology mark to

10    reach consumers of the registered traveler program, despite the harmful consumer confusion it

11    would surely engender.

12    Indeed, this could not have been an innocent mistake resulting from a lack of familiarity

13    with the prominent and well-respected CLEAR brand. Any business seeking to enter the

14    registered traveler sector, or in fact any corporate traveler, would have been amply aware of

15    Verified and its prominent CLEAR mark. For example, since its launch, CLEAR has been

16    reported on in the media on more than 2,000 occasions. In addition, Clear's name and website

17    (www.flyclear.com) has consistently been the first listing that appears in a Google search for

18    "Registered Traveler," which is not surprising because Clear pioneered the program and has since

19    been chosen by every airport that has engaged in a competitive selection process for a Registered

20    Traveler service provider. Thus, Priva must have been aware of the CLEAR card and program

21    for at least as long as it has had any serious interest in entering the registered traveler space. Yet

22    it chose to sit on the side lines in silence and allow Verified to continue to develop, market and

23    advertise the CLEAR brand for years as the well-known and established leader among registered

24    traveler consumers. While Priva may hope to ride the coat tails of Verified's hard work and

25    success and siphon off the goodwill of the valuable CLEAR registered traveler cards and services,

26    the trademark laws require otherwise. Such conduct must not be sanctioned; it must be enjoined.

27

28

COMPLAINT
DEMAND FOR JURY TRIAL
pa-1235492

3

1                                          **PARTIES**

2        1.      Plaintiff Verified is a Delaware corporation with its principal place of business

3   located at 600 Third Avenue, New York, New York, 10016.  Plaintiff Verified is the leader and

4   pioneer in providing registered traveler services, a new and emerging field in airport security and

5   customer service.  Verified is an approved service provider operating the registered traveler

6   program, which helps busy airline travelers get through security lines faster and with less hassle.

7   Verified promotes and provides its registered traveler services and associated identification cards

8   under its well-known CLEAR trademark.

9        2.      Upon information and belief, Defendant Priva is a Delaware corporation with its

10  principal place of business at 875 North Michigan Avenue, Chicago, Illinois 60611.  Priva

11  transacts business within this district, and has engineering and technology facilities in San Jose

12  and/or Cupertino, California.  According to its website, Priva "develops and markets advanced

13  authentication technologies and transaction processing solutions for a variety of government,

14  enterprise, and consumer markets."  Priva has used and registered the CLEARED mark in

15  connection with such specialized technology services.  On February 18, 2008, Priva announced

16  that it had become "an authorized operator of Registered Traveler, which is run by the

17  Transportation Security Administration."

18                              **JURISDICTION AND VENUE**

19       3.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action

20  arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act

21  of Congress relating to trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair

22  competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. §

23  1367 (supplemental jurisdiction).

24       4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because

25  Priva is qualified to and does transact business in California, and through its engineering and

26  technology facilities in San Jose and/or Cupertino, California, Priva conducts substantial business

27  in this district.  Verified also does substantial business in this district under its CLEAR trademark,

28  through its San Francisco Airport location, and its nearby San Jose Airport location, and it will

COMPLAINT
DEMAND FOR JURY TRIAL                                                                    4
pa-1235492

1   suffer substantial harm in this district if Priva is permitted to compete with Verified under the

2   name CLEARED.

### INTRADISTRICT ASSIGNMENT

4       5.      Intradistrict assignment to the San Francisco Division is appropriate pursuant to

5   Civil L.R. 3-2(c), as a substantial part of the events which give rise to the claims as alleged herein

6   have occurred or will occur in San Francisco County, California where the plaintiff operates the

7   registered traveler program in the San Francisco Airport.

### GENERAL ALLEGATIONS

#### Verified and the Registered Traveler Program

10      6.      Plaintiff Verified is the leading approved service provider currently operating the

11  registered traveler program of the Transportation Security Administration ("TSA"). Verified is

12  widely regarded as the pioneer in this new industry and has been doing business in this industry

13  under the name CLEAR since 2005.

14      7.      The TSA's registered traveler program is a voluntary pre-screening program,

15  intended to allow busy airline travelers to spend less time waiting in long lines. Qualified

16  passengers who pass a background check conducted by the TSA receive a registered traveler card

17  that allows them to use special expedited lanes at participating airports across the country. The

18  TSA allows airports and airlines to choose a service provider to operate the program at airports and

19  airline terminals, whereupon that service provider obtains TSA authorization, constructs and staffs

20  the special registered traveler lanes, and enrolls travelers who are charged an annual subscription

21  fee and issued a registered traveler card.

22      8.      Plaintiff Verified was chosen to operate the first private sector registered traveler

23  program in the United States, which opened in the Orlando airport in July 2005. Since that time,

24  plaintiff has been selected as the registered traveler service provider by every airport that has

25  chosen a provider in a competitive bidding process. It currently has contracts with several airlines

26  and with numerous other airports including New York JFK, LaGuardia, San Francisco, San Jose,

27  Denver, Cincinnati, Newark, Little Rock, Indianapolis, Albany, and Westchester. In addition,

28  Verified has been chosen by and will soon be operating at Reagan, Washington Dulles, and

COMPLAINT
DEMAND FOR JURY TRIAL                                                                              5
pa-1235492

1  Oakland airports. Verified operates in each of these locations under the name CLEAR, and each of

2  these airports contains prominent CLEAR enrollment stations where Verified's services are

3  marketed. Subscribers to Verified's program receive the CLEAR card for use in accessing the

4  expedited lanes.

5    9.    Verified owns U.S. Registration Nos. 3,082,152; 3,104,078; and 3,118,406 for its

6  CLEAR mark covering registered traveler cards and associated registered traveler airport services.

7  Its CLEAR cards and airport security lane services are widely recognized in the traveler

8  registration space. In addition, Verified has acquired common law rights in each of its CLEAR

9  trademarks, based upon its use of these marks in commerce in connection with registered traveler

10 services and associated cards.

11   10.    Since 2005, nearly 100,000 consumers nationwide have enrolled in Verified's

12 CLEAR program. Since its launch, Verified has spent more than 50 million dollars developing,

13 marketing, advertising, and providing its CLEAR cards and related registered traveler services,

14 including through the operation of its website: flyclear.com. Verified's registered traveler

15 services have also received nationwide coverage in publications such as The Wall Street Journal,

16 The New York Times, The Washington Post, The Boston Globe, and USA Today, and numerous

17 local news sources and travel publications.

18               **Defendant Priva's Infringing Conduct**

19   11.    Upon information and belief, Priva Technologies, Inc. has been, for several years,

20 engaged in developing and designing computer hardware and software, consisting of a security

21 platform and USB port key for businesses and other institutions needing to control access to

22 sensitive data and to ensure the security of electronic transactions.

23   12.    According to its website at www.priva-tech.com, Priva "develops and markets

24 advanced authentication technologies and transaction processing solutions for a variety of

25 government, enterprise, and consumer markets." For retailers, for instance, Priva says that it

26 "developed the patented end-to-end infrastructure needed to connect real-time one-to-one

27 marketing, loyalty and payment programs, with full settlement services."

28

COMPLAINT
DEMAND FOR JURY TRIAL
pa-1235492

6

13.     In 2004, Priva was granted U.S. Registration Nos. 2,826,020; 2,826,021 and 2,815,577 for the CLEARED mark, for use in connection with the provision of "automated identity authentication services for electronic transaction systems via logical software, digital, analog, and physical security mechanisms." The evidence of use provided in support of those registrations targeted financial and trading institutions.

14.     On Monday, February 18, 2008, the Washington Post reported that Priva "plans to announce today its selection as an authorized operator of registered traveler, which is run by the Transportation Security Administration." The article noted that "[t]he company's entry puts it on a collision course with the program's top provider, Verified Identity Pass." The Washington Post pointed out that the two companies "may encounter" a "conflict" because "Verified's program is called Clear, while Priva's is called Cleared."

## The Likelihood of Consumer Confusion

15.     Priva's use of a virtually identical CLEARED designation for identical services is likely to cause confusion with Verified's CLEAR trademark.

16.     The designation CLEARED literally encompasses Verified's CLEAR trademark. Moreover, CLEARED and CLEAR are virtually identical because CLEAR is the dominant portion of both trademarks.

17.     The services Priva announced on February 18, 2008 are related, if not identical to the services provided by Verified. Upon information and belief, Priva intends to offer airline travel consumers competing identification cards and to provide other related services in airports and to customers of airline travel.

## Verified Will Suffer Irreparable Harm

18.     Priva's February 18, 2008 announcement demonstrates that it has imminent plans to infringe Verified's trademark unless restrained by the Court.

19.     Priva's conduct will cause Verified irreparable harm due to confusion among the public.

COMPLAINT
DEMAND FOR JURY TRIAL
pa-1235492

7

1    20.    Verified has spent considerable time and resources developing the CLEAR card

2  and program as the primary provider that air travel consumers associate with fast airport access

3  and reliable protection of their personal information.

4    21.    If Priva is permitted to provide competing services and associated cards under the

5  name CLEARED, it will cause customers confusion, allowing Priva the ability to free ride off of

6  Verified's goodwill.  As a result, Verified will experience incalculable harm through loss of

7  membership, revenue, and goodwill.

8    22.    Verified has no adequate remedy at law.

9                              **FIRST CLAIM FOR RELIEF**

10                     **(TRADEMARK INFRINGEMENT – FEDERAL LAW)**

11    23.    Verified incorporates by reference each and every paragraph above and below as

12  though fully set forth herein.

13    24.    The acts of Priva described above are likely to cause confusion, to cause mistake,

14  or to deceive and therefore constitute infringement of Verified's federally registered trademarks

15  under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

16    25.    Verified has valid and protectable federal trademark registrations for its CLEAR

17  mark, through U.S. Registration Nos. 3,082,152; 3,104,078; and 3,118,406.

18    26.    Priva's use of the CLEARED designation is likely to cause confusion as to the

19  origin of Priva's services and is likely to cause others to believe that there is a relationship between

20  Priva and Verified.

21    27.    Priva's wrongful acts will also permit Priva to capitalize on the strength of

22  Verified's success, goodwill, and reputation in promoting its own services and products.

23    28.    Priva has knowledge of Verified's rights, and continues its plans to use the

24  infringing mark CLEARED, to cause confusion, mistake, and deception, in violation and disregard

25  of Verified's proprietary rights.  As such, Priva's conduct constitutes intentional infringement of

26  Verified's CLEAR trademark.

27    29.    As a direct and proximate result of Priva's wrongful conduct, Verified has been or

28  will be damaged by Priva's wrongful acts, and such damage will continue unless the Court enjoins

COMPLAINT
DEMAND FOR JURY TRIAL                                                                          8
pa-1235492

1  Priva's acts. Verified has no adequate remedy at law for Priva's violation of Verified's trademark
2  rights.

3                              **SECOND CLAIM FOR RELIEF**
4           **(UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN –**
5                                      **FEDERAL LAW)**

6           30.     Verified incorporates by reference each and every paragraph above and below as
7  though fully set forth herein.

8           31.     The acts of Priva described above constitute unfair competition and false
9  designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

10          32.     Verified has valid and protectable federal trademark rights in the mark CLEAR.
11  Verified used this mark well before Priva's first use of the CLEARED designation in connection
12  with  registered traveler services and associated cards, and as a result, Verified also has prior
13  common law rights in each of its registered trademarks.

14          33.     Priva's use of the CLEARED designation is likely to cause confusion as to the
15  origin of Priva's services and is likely to cause others to believe that there is a relationship between
16  Priva and Verified.

17          34.     Priva's use of the designation CLEARED in the context of registered traveler
18  services constitutes false designation of origin or a false representation and wrongfully and falsely
19  designates Priva's services as originating from or connected with Verified.

20          35.     Priva's wrongful acts will permit it to receive substantial revenues based upon the
21  strength of Verified's reputation and the substantial goodwill that it has built up in its CLEAR
22  trademark.

23          36.     As a direct and proximate result of Priva's wrongful conduct, Verified has been or
24  will be deprived of the value of its CLEAR mark as an asset and will be damaged.  Such damage
25  will continue unless the Court enjoins Priva's acts. Verified has no adequate remedy at law for
26  Priva's violation of Verified's rights.

27

28

COMPLAINT
DEMAND FOR JURY TRIAL                                                                                  9
pa-1235492

1                              **THIRD CLAIM FOR RELIEF**

2                   **(UNFAIR BUSINESS PRACTICES – CALIFORNIA LAW)**

3          37.    Verified incorporates by reference each and every paragraph above and below as

4   though fully set forth herein.

5          38.    Verified has valid and protectable federal trademark registrations for CLEAR.

6   Verified started to use each of these marks well before Priva's first use of the CLEARED

7   designation, at least in the context of registered traveler services, and as a result, Verified also has

8   prior common law rights in its CLEAR trademarks.

9          39.    Priva's use of the CLEARED designation is likely to cause confusion as to the

10  origin of Priva's services and is likely to cause others to believe that there is a relationship between

11  Priva and Verified.

12         40.    The above-described acts and practices by Priva are likely to mislead the general

13  public and therefore constitute unfair and fraudulent business practices and unfair, deceptive,

14  untrue, and misleading advertising in violation of California Business & Professions Code §§

15  17200, et seq.

16         41.    The above-described acts further constitute business acts that violate Verified's

17  federal trademark rights and common law trademark rights and are therefore unlawful.

18         42.    The unfair, unlawful, and fraudulent business practices of Priva described above

19  present a continuing threat to members of the public in that Priva threatens to promote its services

20  by wrongfully trading on the goodwill of Verified's CLEAR trademarks.

21         43.    As a direct and proximate result of these acts, Priva will receive revenue, goodwill

22  and support generated from the strength of Verified's extensive outreach, marketing, advertising,

23  media presence, and consumer recognition.

24         44.    As a direct and proximate result of Priva's wrongful conduct, Verified has lost

25  money investigating Priva's trademarks, corporate history, and recent actions with respect to

26  registered traveler services.  These investigations were undertaken for purposes independent of this

27  litigation, and they diverted Verified's time and resources from other important business matters.

28  As a direct and proximate result of Priva's wrongful conduct, Verified's business has been or will

COMPLAINT
DEMAND FOR JURY TRIAL                                                                    10
pa-1235492

1  be injured, and such harm will continue unless Priva's acts are enjoined by the Court. Verified has

2  no adequate remedy at law for Priva's threatened violation of Verified's rights.

### FOURTH CLAIM FOR RELIEF

### (TRADEMARK INFRINGEMENT – COMMON LAW)

5       45.    Verified incorporates by reference each and every paragraph above and below as

6  though fully set forth herein.

7       46.    Verified has valid and protectable federal trademark registrations for CLEAR.

8  Verified started to use each of its marks well before Priva's threatened use of the CLEARED

9  designation, and as a result, Verified also has prior common law rights in each of its CLEAR

10  trademarks.

11       47.    The acts of Priva described above constitute infringement of Verified's common

12  law rights in its CLEAR trademarks.

13       48.    Priva's use of designations including the term CLEARED is likely to cause

14  confusion as to the origin of Priva's services and is likely to cause others to believe that there is a

15  relationship between Priva and Verified.

16       49.    Priva's infringing acts will permit Priva to capitalize on the strength of Verified's

17  success, goodwill, and reputation in promoting its own good and services.

18       50.    As a direct and proximate result of Priva's wrongful conduct, Verified will be

19  deprived of the value of, among other things, its common law CLEAR trademarks as assets.

20       51.    As a direct and proximate result of Priva's wrongful conduct, Verified has been or

21  will be damaged by Priva's wrongful acts, and such damage will continue unless the Court enjoins

22  Priva's acts. Verified has no adequate remedy at law for Priva's violation of Verified's trademark

23  rights.

### PRAYER FOR RELIEF

25      WHEREFORE, Verified prays for the following relief:

26      (1)    That the Court preliminarily enjoin Priva, its officers, agents, servants, employees,

27  attorneys, and all others in active concert or participation with them from using the term or

28  designation CLEARED, or any other designation similar to or likely to cause confusion with

COMPLAINT
DEMAND FOR JURY TRIAL
pa-1235492

11

1    Verified's CLEAR trademarks (including any designation including the phrase CLEAR), in

2    conjunction with registered traveler airport services or associated cards, and from committing any

3    other unfair business practices directed toward obtaining for itself the business and customers of

4    Verified;

5    (2)    That following trial of this action, the Court enter final judgment as follows:

6            (a)    That the Court issue a permanent injunction pursuant to 15 U.S.C. § 1116

7    enjoining Priva, its officers, agents, servants, employees, attorneys, and all others in active

8    concert or participation with them from:

9                    (i)    directly or indirectly using the mark CLEARED, or any other designation

10                   similar to or likely to cause confusion with Verified's CLEAR trademarks

11                   (including any designation including the phrase CLEAR), that is likely to cause

12                   confusion or mistake or to deceive;

13                   (ii)    directly or indirectly using for any commercial purpose any logo, trade

14                   name, or trademark which may be calculated to represent, or which has the effect

15                   of falsely representing, that the services of Priva are Verified's services or are

16                   authorized, sponsored, or in any way associated with Verified; and

17                   (iii)    otherwise infringing the CLEAR trademarks or unfairly competing with

18                   Verified;

19           (c)    That the Court award Verified reasonable funds for future corrective advertising;

20           (d)    That the Court grant Verified any other remedy to which it may be entitled,

21    including all remedies provided for in 15 U.S.C. § 1117 and under California law;

22           (e)    In addition, because Priva's actions had to have been willful and deliberate,

23    Verified requests that the Court award treble damages, costs and attorneys' fees and such

24    other relief as it deems just and proper.

25

26

27

28

COMPLAINT
DEMAND FOR JURY TRIAL                                                                    12
pa-1235492

1    Dated: February 25, 2008                DOUGLAS L. HENDRICKS
                                             ROSEMARY S. TARLTON
2                                            BRIAN L. LEVINE
                                             MORRISON & FOERSTER LLP
3

4
                                        By: _Douglas L. Hendricks_____
5                                           Douglas L. Hendricks

6                                           Attorneys for Plaintiff
                                            VERIFIED IDENTITY PASS, INC.,
7                                           D/B/A CLEAR REGISTERED
                                            TRAVELER
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
DEMAND FOR JURY TRIAL
pa-1235492

13

1    Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 3-6, Verified

2    demands a trial by jury

3
     Dated: February 25, 2008                    DOUGLAS L. HENDRICKS
4                                                ROSEMARY S. TARLTON
                                                 BRIAN L. LEVINE
5                                                MORRISON & FOERSTER LLP

6
7                                         By: _Douglas L. Hendricks_____
                                                 Douglas L. Hendricks
8
                                                 Attorneys for Plaintiff
9                                                VERIFIED IDENTITY PASS, INC.,
                                                 D/B/A CLEAR REGISTERED
10                                               TRAVELER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
DEMAND FOR JURY TRIAL                                                              14
pa-1235492