1  DOUGLAS L. HENDRICKS (CA SBN 83611)
   DHendricks@mofo.com
2  ROSEMARY S. TARLTON (CA SBN 154675)
   BRIAN L. LEVINE (CA SBN 246726)
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  Attorneys for Plaintiff
   VERIFIED IDENTITY PASS, INC., D/B/A/ CLEAR
7  REGISTERED TRAVELER

8                    UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10 | VERIFIED IDENTITY PASS, INC., d/b/a/ | Case No.   CV 08 1123 JW
   | CLEAR REGISTERED TRAVELER,,          |
11 |                                       | **SIGNED WAIVER OF SERVICE OF SUMMONS**
   |           Plaintiff,                  |
12 |                                       |
   |     v.                                |
13 |                                       |
   | PRIVA TECHNOLOGIES, INC.,             |
14 |                                       |
   |           Defendant.                  |
15

16

17      At the Court's request, attached please find Priva Technologies, Inc.'s signed Waiver of

18 Service of Summons pursuant to Federal Rule of Civil Procedure 4(d).

19 Dated: March 28, 2008              DOUGLAS L. HENDRICKS
                                      ROSEMARY S. TARLTON
20                                    BRIAN L. LEVINE
                                      MORRISON & FOERSTER LLP
21

22
                                By:   s/ Douglas L. Hendricks
23                                    Douglas L. Hendricks

24                                    Attorneys for Plaintiff
                                      VERIFIED IDENTITY PASS, INC.,
25                                    D/B/A/ CLEAR REGISTERED
                                      TRAVELER
26

27

28

SIGNED WAIVER OF SERVICE
Case No. CV 08 1123 JW                                                                    1
pa-1244690

1 | I, BRIAN L. LEVINE, am the ECF User whose ID and password are being used to file this SIGNED WAIVER OF SERVICE OF SUMMONS. In compliance with General Order 45, X.B., I hereby attest that Douglas L. Hendricks has concurred in this filing.

Date: March 28, 2008

                                    MORRISON & FOERSTER LLP

                                    By:   s/Brian L. Levine
                                              Brian L. Levine

                                    Attorneys for Plaintiff

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703<br><br>43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND<br><br>BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON EC4N 8NH | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894<br><br>(415) 591-1000<br><br>FACSIMILE (415) 591-1400<br><br>www.winston.com | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543<br><br>200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193<br><br>21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE<br><br>1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

WRITER'S DIRECT DIAL
415-591-1535
cfernandez@winston.com

March 24, 2008

MORRISON & FOERSTER
RECEIVED

MAR 2 6 2008

DOUGLAS L. HENDRICKS

Douglas Hendricks, Esq.
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482

      **RE:**    **Verified Identity Pass, Inc. d/b/a Clear Registered Traveler v. Priva Technologies, Inc.**
              **Case No.: CV 08-1123**

Dear Mr. Hendricks:

      Enclosed please find Priva Techologies, Inc.'s executed Waiver of Service of Summons for this litigation.

                              Very truly yours,

                              Carleen K. Fernandez
                              Secretary to Andrew Bridges

CKF:cf
Enclosure

    cc:    Andrew Bridges, Esq.
             Jennifer Golinveaux, Esq.

Clear Form

## WAIVER OF SERVICE OF SUMMONS

Douglas L. Hendricks

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, **Priva Technologies, Inc.** (DEFENDANT NAME), acknowledge receipt of your request that I waive service of summons in the action of **Verified Identity Pass, Inc. d/b/a Clear Registered Traveler v. Priva Technologies, Inc** (CAPTION OF ACTION),

which is case number **CV 08 1123 BZ** (DOCKET NUMBER) in the United States District Court for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after **February 26, 2008** (DATE REQUEST WAS SENT), or within 90 days after that date if the request was sent outside the United States.

**March 20, 2007**
(DATE)

Signature: *Andrew P. Bridges*

Printed/Typed Name: ~~Jeff Hinshaw~~ **Andrew P. Bridges**

As **Attorney for** [Title] of **Priva Technologies, Inc.** (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.