1  Andrew P. Bridges (SBN: 122761)
   abridges@winston.com
2  Jennifer A. Golinveaux (SBN: 203056)
   jgolinveaux@winston.com
3  K. Joon Oh (SBN: 246142)
   koh@winston.com
4  WINSTON & STRAWN LLP
   101 California Street
5  San Francisco, CA 94111-5894
   Telephone:    415-591-1000
6  Facsimile:    415-591-1400

7  Attorneys for Defendant and Counterclaimant
   PRIVA TECHNOLOGIES, INC.

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12  VERIFIED IDENTITY PASS, INC., d/b/a     )   Case No. CV-08-1123 JW
    CLEAR REGISTERED TRAVELER,              )
13                                          )   ANSWER AND COUNTERCLAIM
              Plaintiff,                    )
14                                          )
         vs.                                )   DEMAND FOR JURY TRIAL
15                                          )
    PRIVA TECHNOLOGIES, INC.,               )
16                                          )
              Defendant.                    )
17                                          )
    _____       )
18                                          )
    PRIVA TECHNOLOGIES, INC.,               )
19                                          )
              Counter-Claimant,             )
20                                          )
         vs.                                )
21                                          )
    VERIFIED IDENTITY PASS, INC., d/b/a     )
22  CLEAR REGISTERED TRAVELER,              )
                                            )
23            Counter-Defendant.            )
                                            )
24  _____       )

25       Priva Technologies, Inc., ("Priva") hereby responds to the Complaint as follows:

26       Pages two and three of the Complaint state introductory legal conclusions and argument that

27  do not require a response.  To the extent a response is required, Priva denies the allegations

28

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5894**

contained on pages two and three.

1. Priva lacks information to admit or deny the allegations of the first and third sentence of paragraph 1 of the Complaint and on that basis it denies the allegations. Priva denies the remaining allegations of paragraph 1 of the Complaint.

2. Priva admits the allegations of the first and third sentences of paragraph 2 of the Complaint. Priva admits that it maintains engineering facilities in Cupertino, California, that it has federal registrations for its CLEARED marks with respect to providing automated identity authentication services, and that it has been approved by the Transportation Security Administration ("TSA") as an authorized Service Provider to the TSA's registered traveler program. Priva denies any remaining allegations of paragraph 2 of the Complaint.

3. Priva admits the allegations of paragraph 3 of the Complaint.

4. Priva admits that venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) and that it maintains engineering facilities in Cupertino, California. Priva denies the remaining allegations of paragraph 4 of the Complaint.

5. Priva denies the allegations of paragraph 5 of the Complaint.

6. Priva denies the allegations of paragraph 6 of the Complaint.

7. Priva denies that a registered traveler "card" is required by the TSA for its registered traveler program. Priva admits the remaining allegations of paragraph 7 of the Complaint.

8. Priva lacks information to admit or deny the allegations of paragraph 8 of the Complaint and on that basis it denies the allegations.

9. Priva lacks information to admit or deny the allegations of paragraph 9 of the Complaint and on that basis it denies the allegations.

10. Priva lacks information or belief to admit or deny the allegations of paragraph 10 of the Complaint and on that basis it denies the allegations.

11. Priva admits that the activities described in paragraph 11 of the complaint comprise certain aspects of its business since 1999. Priva denies any remaining allegations of paragraph 11 of the Complaint.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

2

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

12.     Priva admits the allegations of paragraph 12 of the Complaint.

13.     Priva admits the allegations of paragraph 13 of the Complaint.

14.     Priva admits that the Washington Post reported on Priva and its airport-security technologies and services on February 18, 2008.  A true and correct copy of the article from the Washington Post web site is attached as Exhibit A.  Priva denies the remaining allegations and characterizations of paragraph 14 of the Complaint.

15.     Priva admits that Verified Identity Pass, Inc.'s ("VIP"'s) junior use of the virtually identical CLEAR mark is likely to cause confusion with Priva's senior use of its CLEARED mark. Priva denies any remaining allegations of paragraph 15 of the Complaint.

16.     Priva denies the first sentence of paragraph 16 of the Complaint.  Priva admits the remaining allegations of paragraph 16 of the Complaint.

17.     Priva denies the first sentence of paragraph 17, and denies that it will necessarily offer consumers identification "cards" per se.  Priva admits the remaining allegations of paragraph 17 of the Complaint.

18.     Priva denies the allegations of paragraph 18 of the Complaint.

19.     Priva denies the allegations of paragraph 19 of the Complaint.

20.     Priva denies the allegations of paragraph 20 of the Complaint.

21.     Priva denies the allegations of paragraph 21 of the Complaint.

22.     Priva denies the allegations of paragraph 22 of the Complaint.

### FIRST CLAIM FOR RELIEF

23.     Priva hereby incorporates and realleges its responses to paragraphs 1 through 22 above.

24.     Priva denies the allegations of paragraph 24 of the Complaint.

25.     Priva denies the allegations of paragraph 25 of the Complaint.

26.     Priva admits that VIP's junior use of the virtually identical CLEAR mark is likely to cause confusion as to the origin of VIP's services and related goods and is likely to cause others to

3

believe that there is a relationship between Priva and VIP.  Priva denies any remaining allegations of paragraph 26 of the Complaint.

27.    Priva denies the allegations of paragraph 27 of the Complaint.

28.    Priva denies the allegations of paragraph 28 of the Complaint.

29.    Priva denies the allegations of paragraph 29 of the Complaint.

## SECOND CLAIM FOR RELIEF

30.    Priva hereby incorporates and realleges its responses to paragraphs 1 through 29 above.

31.    Priva denies the allegations of paragraph 31 of the Complaint.

32.    Priva denies the allegations of paragraph 32 of the Complaint.

33.    Priva admits that VIP's junior use of the virtually identical CLEAR mark is likely to cause confusion as to the origin of VIP's services and related goods and is likely to cause others to believe that there is a relationship between Priva and VIP.  Priva denies any remaining allegations of paragraph 33 of the Complaint.

34.    Priva denies the allegations of paragraph 34 of the Complaint.

35.    Priva denies the allegations of paragraph 35 of the Complaint.

36.    Priva denies the allegations of paragraph 36 of the Complaint.

## THIRD CLAIM FOR RELIEF

37.    Priva hereby incorporates and realleges its responses to paragraphs 1 through 36 above.

38.    Priva denies the allegations of paragraph 38 of the Complaint.

39.    Priva admits that VIP's junior use of the virtually identical CLEAR mark is likely to cause confusion as to the origin of VIP's services and related goods and is likely to cause others to believe that there is a relationship between Priva and VIP.  Priva denies any remaining allegations of paragraph 39 of the Complaint.

40.    Priva denies the allegations of paragraph 40 of the Complaint.

41.    Priva denies the allegations of paragraph 41 of the Complaint.

**Answer and Counterclaim – Demand for Jury Trial**
**Case No. CV-08-1123 JW**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

42.    Priva denies the allegations of paragraph 42 of the Complaint.

43.    Priva denies the allegations of paragraph 43 of the Complaint.

44.    Priva denies the allegations of paragraph 44 of the Complaint.

## FOURTH CLAIM FOR RELIEF

45.    Priva hereby incorporates and realleges its responses to paragraphs 1 through 44 above.

46.    Priva denies the allegations of paragraph 46 of the Complaint.

47.    Priva denies the allegations of paragraph 47 of the Complaint.

48.    Priva admits that VIP's junior use of the virtually identical CLEAR mark is likely to cause confusion as to the origin of VIP's services and related goods and is likely to cause others to believe that there is a relationship between Priva and VIP.  Priva denies any remaining allegations of paragraph 48 of the Complaint.

49.    Priva denies the allegations of paragraph 49 of the Complaint.

50.    Priva denies the allegations of paragraph 50 of the Complaint.

51.    Priva denies the allegations of paragraph 51 of the Complaint.

## DEFENSES

Priva asserts the following defenses, without regard to whether they are "affirmative" defenses or matters as to which plaintiff has the burden of proof.

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by relevant statutes of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred by its failure to mitigate damages.

## FOURTH DEFENSE

Plaintiff's claims are barred by unclean hands.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

5

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**FIFTH DEFENSE**

Plaintiff's claims are barred by estoppel.

**SIXTH DEFENSE**

Plaintiff's claims are barred by waiver.

**SEVENTH DEFENSE**

Plaintiff's claims are barred by laches.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by consent and acquiescence.

**NINTH DEFENSE**

Plaintiff's claims are barred by fraud pursuant to Lanham Act Section 33(b), 15 U.S.C. § 1115(b).

**COUNTERCLAIMS**

1.      Defendant and Counter-claimant Priva Technologies, Inc. ("Priva"), brings these Counterclaims for trademark infringement, trademark dilution, and unfair competition against Plaintiff and Counter-defendant, Verified Identity Pass, Inc. ("VIP").  These Counterclaims arise from VIP's adoption and use of the mark CLEAR for goods and services closely related to those marketed under Priva's senior CLEARED mark.  The Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, and 2201.

**<u>Priva and Its Senior Brand CLEARED For Identity Authentication Goods and Services</u>**

2.      Founded in 1999, Priva is a technology company that develops and markets advanced identity authentication technologies and transaction processing solutions for a variety of government, enterprise, and consumer markets under its mark CLEARED.  Priva is headquartered in Chicago, Illinois, with engineering facilities in Cupertino, California and Rolling Meadows, Illinois.

3.      Priva has used its CLEARED mark since at least as early as 2001, and has used the CLEARED mark in commerce in connection with its identity authentication services and related products since at least as early as 2002.  Priva's flagship product, its Cleared Security Platform, is a leading identity authentication and audit system.  The Cleared Security Platform features the

ClearedKey (a USB-based security token the size of a keychain fob with an integrated fingerprint reader) and the ClearedChip (an advanced security-certified microchip). Once an individual touches the ClearedKey token, the Cleared Security Platform authenticates that person's identity so the individual can access a secured environment.

4.      Priva's sophisticated CLEARED branded goods and services are ideal identity authentication tools for controlling access to secured environments such as protected computers or networks, ATM logins, or secure physical facilities. The Cleared Security Platform uses the ClearedKey to seamlessly authenticate the identity of the individual with a touch of a finger. Priva markets its CLEARED branded identity authentication solutions to business enterprises, financial institutions, brick-and-mortar and e-commerce retailers, and transportation providers for a wide-range of applications, such as document security, ATM money withdrawals, credit card purchases, secured access to computer networks, and secured access to physical locations.

5.      Priva also markets a picture identification component to its Cleared Security Platform, called ClearedPic. When an individual requires access to a secured office building or other security checkpoint, that person presents her ClearedKey token at the security checkpoint. The Cleared Security Platform then verifies the individual's identity and also displays her picture to confirm the match. A true and correct copy of the August 18, 2004 press release describing Priva's ClearedPic feature is attached as Exhibit B.

6.      Based upon its years of use of its distinctive CLEARED mark, Priva has developed strong common-law rights in the mark for goods and services in the field of identity authentication. Priva's CLEARED mark has achieved wide recognition by the general consuming public of the United States as a designation of source of Priva's goods and services.

7.      Priva has prominently used its CLEARED house brand and mark in connection with a host of related products including its CLEARED SECURITY PLATFORM, CLEAREDCHIP, CLEAREDHOST, CLEAREDKEY, CLEAREDPIC, CLEAREDPAY, CLEAREDBADGE, and CLEARED OMNIPASS ENTERPRISE.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

8. Priva has registered the mark CLEARED with the U.S. Patent and Trademark Office ("PTO"), Reg. No. 2,826,021, dated March 23, 2004, for "providing automated identity authentication services for electronic transaction systems via logical software, digital, analog, and physical security mechanisms." Exhibit C is a true and correct copy of a status report of the registration printed from the PTO web site.

9. Priva has also registered the mark CLEARED and Design with the PTO, Reg. No. 2,815,577, dated February 17, 2004, for "providing automated identity authentication services for electronic transaction systems via logical software, digital, analog, and physical security mechanisms." Exhibit D is a true and correct copy of a status report of the registration from the PTO web site.

10. Priva also owns a federal registration for the mark CLEARED A PRIVA TECHNOLOGIES SOLUTION, Reg. No. 2,826,020, dated March 23, 2004, for "providing automated identity authentication services for electronic transaction systems via logical software, digital, analog, and physical security mechanisms." Exhibit E is a true and correct copy of a status report of the registration printed from the PTO web site.

11. Ownership of these federal trademark registrations confers upon Priva a presumption of validity of the marks and of exclusive rights to use the marks in commerce with respect to the services set forth in the registrations.

12. The goods and services offered under Priva's CLEARED mark have achieved an extraordinary reputation. Priva has obtained the coveted FIPS 140-2, Level 3 certification from the National Institute of Standards and Technology ("NIST"). FIPS 140-2 certification is required by all federal agencies that use cryptographic-based security systems to protect sensitive information in computer and telecommunication systems.

13. Priva markets its CLEARED branded identity authentication goods and services to Fortune 500 companies, government agencies, and military and police forces throughout the country and internationally.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

14. Identity authentication service providers commonly use security tokens and cards to authenticate the identity of individuals. Such service providers commonly authenticate identity for a variety of purposes, such as retail purchases, logging on to computers and computer networks, viewing physical and electronic documents, and safeguarding entry to physical areas — including secured areas in buildings. Identity authentication services are commonly used by a variety of industries (such as business enterprises, the government and military, and airlines) and in a variety of settings (including office buildings, government and military facilities, and airports).

15. Priva's CLEARED branded identity authentication services, products, and business have been prominently featured on its web sites, www.priva-tech.com and www.cleared.com since 2001 and 2002, respectively.

16. Priva's CLEARED branded identity authentication goods and services have received nationwide and local coverage by news sources and trade publications.

17. Priva has marketed its CLEARED branded identity authentication goods and services for use in connection with providing authorized individuals access to secure physical sites since at least as early as 2002, and third parties have reported on the value of Priva's CLEARED branded goods and services for such uses.

18. For example, in 2002, Priva submitted a proposal to the Department of Transportation for the use of Priva's Cleared Authentication Platform for employee access control at "physical access control points." Priva issued a press release regarding its proposal to the Department of Transportation on September 26, 2002, a true and correct copy of which is attached as Exhibit F.

19. In July 2004 Priva announced a proposed partnership with TechTravlers, Inc., to use Priva's Cleared Security Platform as part of a then-proposed registered traveler program. A true and correct copy of the press release is attached as Exhibit G.

20. In July 2004, Priva also made a presentation to the Federal Aviation Administration concerning the value of Priva's CLEARED branded goods and services for a corporate traveler program, including by providing travelers with accelerated security screening checkpoints.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

21.    News organizations have also been reporting uses for Priva's CLEARED goods and services in the transportation field since at least 2003.

22.    A video of a news report concerning the applicability of Priva's CLEARED goods and services to allow travelers to clear security lines expeditiously has been posted on Priva's web sites since the summer of 2003. The NBC4 news report details Priva's CLEARED identity authentication goods and services, such as the ClearedKey and ClearedChip, and different uses for the Cleared system, including as "part of a national transportation card. **ClearedTravelers could move through shorter lines**"; to gain "**access to secure areas**"; with "e-commerce, including online banking to reduce identity theft"; and inside cell phones, PDAs, and anything else that connects to the Internet. A true and correct copy of NBC4's summary of the news report is attached as Exhibit H.

23.    Priva's CLEARED identity authentication goods and services were also reported on ZDNet, a prominent technology news website, in August 2004. The report detailed different uses for Priva's CLEARED system, including ways "'to make physical access even simpler.'" A true and correct copy of the ZDNet news report is attached as Exhibit I.

24.    In 2005, Priva formed the Cleared Travel Corporation to provide travel-related goods and services, including as part of the TSA's registered traveler program, utilizing the Cleared Security Platform. The Cleared Security Platform and the ClearedKey products are ideally suited for the registered traveler program, providing an elegant, one-touch solution to verify registered travelers.

25.    In January 2008, the TSA approved Priva as an authorized Service Provider for the TSA's registered-traveler program. The registered traveler program permits qualified airline passenger participants to move to the front of airport security lines where they are then subjected to normal physical security procedures such as carry-on baggage x-ray scanning and passage through a magnetometer. The TSA requires registered-traveler Service Providers to authenticate the identity of qualified airline passenger participants who participate in the program. Qualified passenger Participants who are verified as non-threatening during the enrollment process and who are then

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

10

authenticated by an authorized Service Provider during passage through an airport may gain access to secured boarding areas in airports on an expedited basis. Authorized Service Providers, such as Priva, negotiate directly with airports and/or airlines to provide registered traveler services.

26.    Priva's participation in the registered-traveler program is a natural application of the identity authentication services goods and services it has long provided. Priva has been developing and marketing identity authentication security solutions for government agencies, financial institutions, and transportation providers for years.

### VIP and Its Junior CLEAR Mark For Identity Authentication Goods and Services

27.    Priva is informed and believes, and therefore alleges, that VIP has adopted and is using the mark CLEAR for identity authentication goods and services in connection with a registered traveler program offered at airports in the United States.

28.    Priva is informed and believes, and therefore alleges, that VIP began using the CLEAR mark for identity authentication goods and services no earlier than 2005.

29.    Priva is informed and believes, and therefore alleges, that VIP adopted the CLEAR mark several years after Priva adopted and began using its CLEARED mark in connection with identity authentication goods and services.

30.    Priva is informed and believes, and therefore alleges, that through its Clear Registered Traveler program, VIP provides consumers with security cards—which VIP calls the Clear card— used with its registered traveler services. VIP could not operate as a registered-traveler Verification Service Provider if it did not authenticate the identity of passengers.

31.    Priva is informed and believes, and therefore alleges, that VIP requires qualified passengers to present security cards at the airport, then wait while the card is scanned and the information on the card is authenticated. After the security card is scanned, passengers wait again to have their fingerprints or eyeballs scanned, then wait again while the identity authentication process finishes.

32.    Priva is informed and believes, and therefore alleges, that VIP filed intent-to-use trademark applications in November 2004 to register the following marks: VERIFIED TRAVELER,

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

11

1  VERIFIED ID EXPRESS, and REGISTERED TRAVELER.  VIP has abandoned each of these

2  applications.  Attached as Exhibit J are true and correct copies of the status reports of the

3  applications printed from the PTO web site.

4         33.    Later, VIP filed three new applications for registration of the CLEAR mark: one in

5  March 2005, another in November 2005, and the third in January 2006.  Registrations were granted

6  in April 2006, June 2006, and July 2006.  U.S. Registration No. 3,082,152 for the mark CLEAR is

7  for "[n]on-magnetically encoded biometric cards that are continuously updated for entry into secured

8  areas within buildings" (in International Class 16); U.S. Registration No. 3,104,078 for the mark

9  CLEAR is for "[n]on-magnetically encoded biometric cards that are continuously updated for entry

10  into secured areas" (in International Class 16); U.S. Registration No. 3,118,406 for the service mark

11  CLEAR is for "airport services" (in International Class 39).  Attached as Exhibit K are true and

12  correct copies of status reports of the registrations from the PTO web site.

13         34.    The first-use dates and the first-use-in-commerce dates for all three registrations

14  identified in paragraph 33 are identical: March 18, 2005 and June 19, 2005, respectively.  Priva is

15  informed and believes, and therefore alleges, that VIP had not used the CLEAR mark on all the

16  goods and services covered by its registrations at the time it filed its applications to register the

17  CLEAR mark.  Priva is informed and believes, and therefore alleges, that VIP's first contract with an

18  airport to provide registered traveler services was not awarded until June 2005, and then only as a

19  trial-run or pilot program.  Priva is informed and believes, and therefore alleges, that VIP's registered

20  traveler services were not operational until July 2005.  Priva is informed and believes, and therefore

21  alleges, that VIP was not approved by the TSA as an authorized registered traveler Service Provider

22  until November 2006.

23         35.    Priva is informed and believes, and therefore alleges, that VIP was aware of Priva's

24  senior use of the CLEARED mark in connection with identity authentication goods and services

25  before VIP adopted and began using the mark CLEAR.

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

36.     Priva is informed and believes, and therefore alleges, that VIP conducted at least standard due diligence, including the commissioning of a full trademark search from a qualified outside vendor, before filing its applications to register CLEAR.

37.     Priva is informed and believes, and therefore alleges, that VIP, through its due diligence process, became aware of the existence of Priva's federal trademark registrations for CLEARED.

38.     Priva is informed and believes, and therefore alleges, that VIP proceeded with trademark applications for, and use of, CLEAR with knowledge that its due diligence had disclosed Priva's registrations.

39.     Priva is informed and believes, and therefore alleges, that VIP lacked good faith in declaring that it knew or believed that no other person, firm, corporation, or association had the right to use the mark in commerce, either in the identical form or in a nearly identical form, at the time VIP applied to register the mark.

40.     Priva is informed and believes, and therefore alleges, that VIP lacked a good-faith intent to use the mark as described in the applications at the time it applied to register the mark.

41.     Priva is informed and believes, and therefore alleges, that at the time VIP filed declarations of use it lacked use of the mark on all services described in the applications.

42.     Priva is informed and believes, and therefore alleges, that VIP does not offer airport services.

43.     Priva is informed and believes, and therefore alleges, that VIP has received negative press from national and local news sources and trade publications criticizing its implementation, execution, and operation of its registered traveler service.

44.     Because of the confusing similarity between Priva's CLEARED mark and VIP's junior CLEAR mark, the negative news reports regarding VIP and CLEAR have injured Priva's brand, trade name, and business reputation.

45.     The CLEAR mark is nearly identical to Priva's CLEARED mark.  The CLEAR mark contains, in the identical order, all but the last two characters of Priva's CLEARED mark.  The

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

13

CLEAR mark is nearly identical to Priva's CLEARED mark in terms of connotation. The CLEAR mark contains the dominant portion of Priva's CLEARED mark.

46.    VIP uses the CLEAR mark in a way likely to cause confusion, mistake, or deception as to the origin, sponsorship, or affiliation of its goods and services, and in a way that damages Priva and infringes upon Priva's registered and common-law trademark rights in Priva's CLEARED mark. With respect to a registered traveler program, VIP's junior use of the CLEAR mark is likely to cause confusion, mistake, or deception as to origin, sponsorship, or affiliation with respect to Priva's senior use of its CLEARED mark.

47.    VIP's conduct described above has injured Priva in its business and property and threatens to continue to injure Priva unless enjoined by this Court.

48.    VIP's use of CLEAR is likely to cause confusion in the marketplace that threatens to impair Priva's distinctive reputation and brand.

## FIRST COUNTERCLAIM
### Infringement of Federally Registered Trademarks
### (Lanham Act § 32, 15 U.S.C. § 1114)

49.    Priva incorporates by reference and realleges paragraphs 1 through 48 of the counterclaims above.

50.    VIP has, through the conduct described above, infringed upon Priva's federally registered trademarks identified above. As a consequence of VIP's infringements, Priva is entitled to relief as set forth below.

## SECOND COUNTERCLAIM
### False Designation of Origin/Trademark Infringement In
### Violation of Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)

51.    Priva incorporates by reference and realleges paragraphs 1 through 50 of the counterclaims above.

52.    VIP, through the conduct described above, in connection with its goods and services, has used and continues to use words, names, terms, marks, symbols, devices, false designations of origin, false and misleading descriptions, and representations of facts which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of VIP

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

14

1  with Priva, or as to the origin, sponsorship, or approval of VIP's goods, services, or commercial

2  activities by Priva.  As a consequence of VIP's misconduct, Priva is entitled to relief as set forth

3  below.

**THIRD COUNTERCLAIM**
**Trademark Dilution under Federal Law**
**(Lanham Act § 43(c), 15 U.S.C. § 1125(c))**

6      53.    Priva incorporates by reference and realleges paragraphs 1 through 52 of the

7  counterclaims above.

8      54.    VIP first made, and continues to make, commercial use of the CLEAR marks in

9  marketing, promoting, and delivering its identity authentication goods and services in interstate

10  commerce, after the CLEARED marks became distinctive and famous.

11      55.    VIP, through the conduct and violations described above, is likely to dilute the

12  distinctive quality of the famous and distinctive CLEARED trademarks by blurring and tarnishment,

13  and to make those marks less able to identify and distinguish goods and services. VIP is also likely

14  to injure the business reputation of Priva with respect to those marks. VIP has intended to cause

15  dilution of Priva's marks and violate its rights under the Lanham Act.

16      56.    As a consequence of VIP's violations, Priva is entitled to relief as set forth below.

**FORUTH COUNTERCLAIM**
**Trademark Dilution Under California Law**
**(California Business & Professions Code Section 14247)**

19      57.    Priva incorporates by reference and realleges paragraphs 1 through 56 of the

20  counterclaims above.

21      58.    VIP has made, and continues to make, commercial use of the CLEAR marks in

22  marketing, promoting, and delivering its identity authentication goods and services in commerce

23  after the CLEARED marks became distinctive and famous.

24      59.    VIP, through the conduct and violations described above, is likely to dilute the

25  distinctive quality of the CLEARED trade mark.  VIP is also likely to injure the business reputation

26  of Priva with respect to that mark.

27      60.    As a consequence of VIP's violations, Priva is entitled to relief as set forth below.

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH COUNTERCLAIM

## Trademark Infringement And Unfair Competition Under California Common Law

61.     Priva incorporates by reference and realleges paragraphs 1 through 60 of the counterclaims above.

62.     VIP, through the conduct and violations described above, has engaged in trademark infringement and unfair competition against Priva under the common law.

63.     As a consequence of VIP violations, Priva is entitled to relief as set forth below.

## SIXTH COUNTERCLAIM
### Cancellation of VIP's Claimed Federal Registrations and Rectification of the Trademark Register

64.     Priva incorporates by reference and realleges paragraphs 1 through 63 of the counterclaims above.

65.     The federal registrations for CLEAR, U.S. Registration Nos. 3,082,152; 3,104,078; and 3,118,406, are invalid or voidable, or otherwise subject to cancellation.  VIP registered these marks in bad faith, and it obtained the registrations fraudulently.

66.     Any use by VIP of CLEAR for "[n]on-magnetically encoded biometric cards that are continuously updated for entry into secured areas" or "into secured areas within buildings" (in International Class 16); and for "airport services" (in International Class 39) would cause confusion, cause mistake, or deceive the public as to the source, sponsorship, or affiliation of VIP's services and goods and would violate or otherwise impair Priva's prior rights to CLEARED.

67.     Priva will suffer injury and damage by the continued registration of VIP's infringing CLEAR marks for the services identified in U.S. Registration Nos. 3,082,152; 3,104,078; and 3,118,406.

68.     There is a real and substantial controversy arising from VIP's use of CLEAR, entitling Priva to a declaration that VIP is not entitled to the continued registrations of the CLEAR mark and to an order directing the Director of the Patent and Trademark Office to cancel the registrations for the marks and otherwise to rectify the register.

69.     As a consequence of VIP's violations, Priva is entitled to relief as set forth below.

16

**SEVENTH COUNTERCLAIM**
**Unlawful Business Practices**
**(California Business & Professions Code Section 17200)**

70.    Priva incorporates by reference and realleges paragraphs 1 through 69 of the counterclaims above.

71.    VIP, through the conduct and violations described above, has engaged in, engages in, and proposes to engage in unlawful, unfair, and fraudulent business practices in violation of California Business and Professions § 17200.

72.    As a consequence of VIP's violations, Priva is entitled to relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Priva prays that the Court enter judgment as follows:

A.    Preliminarily and permanently enjoining VIP, and all persons in active concert or participation with it,

•    from use of names or marks confusingly similar to Priva's CLEARED mark, including the mark CLEAR;

•    from acts that dilute Priva's CLEARED mark, including use of the mark CLEAR;

•    from representing by any means whatsoever, directly or indirectly, that VIP and its products, services, and commercial activities are associated in any way with Priva or its products or services, and from otherwise taking any other action likely to cause confusion, mistake, or deception;

•    from doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead others to believe that VIP's services or products come from or are the services or products of Priva, or are somehow sponsored by or associated with Priva; and

•    from otherwise unfairly competing with Priva or misappropriating Priva's reputation and goodwill;

**Answer and Counterclaim – Demand for Jury Trial**
**Case No. CV-08-1123 JW**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

B.    Ordering VIP to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, advertisements, web pages, and other articles bearing the infringing mark CLEAR in its possession or under its control;

C.    Awarding Priva its actual damages and VIP's unjust and unlawful profits arising from VIP's misconduct;

D.    Ordering restitution to Priva of VIP's unjust enrichment and unlawful gains to the detriment of Priva;

E.    Awarding Priva additional damages and profits of three times the actual damages and profits, together with attorneys' fees;

F.    Declaring that VIP is not entitled to continued federal registration of the CLEAR marks and ordering the Director of the United States Patent and Trademark Office to cancel registration or otherwise to rectify the register with respect to the registrations;

G.    Awarding Priva costs of suit; and

H.    Granting such other relief as the Court may determine just and equitable.

## DEMAND FOR JURY TRIAL

Priva demands trial by jury of all issues triable by a jury.


Dated:  April 28, 2008                    WINSTON & STRAWN LLP



                                          By:    /s/ K. Joon Oh
                                                 Andrew P. Bridges
                                                 Jennifer A. Golinveaux
                                                 K. Joon Oh
                                                 Attorneys for Defendant and Counterclaimant
                                                 PRIVA TECHNOLOGIES, INC.

**Answer and Counterclaim – Demand for Jury Trial**
**Case No. CV-08-1123 JW**

SF:202625.9

# Exhibit A

# washingtonpost.com

The Washington Post
Print Edition | Subscribe | PostPoints

SEARCH: ⊙ washingtonpost. com ○ Web: Results by Google™ | Search
Archives

washingtonpost.com > Business

Advertisement

## Another Way to Clear Airport Security

Monday, February 18, 2008; Page D02

A Dunn Loring company has won federal government approval to provide services for a program that lets airline passengers speed through security lines for an extra fee.

Priva Technologies, a nine-year-old security authentication firm, plans to announce today its selection as an authorized operator of Registered Traveler, which is run by the Transportation Security Administration. Under the program, participants can use a special line at airports and clear security using fingerprints or face scans. Members provide personal information to the government, carry identification cards and pay a yearly fee, usually about $128, to companies that offer the service.



⊞ Enlarge Photo

Priva's Clearandkey device allowing airport travelers to bypass long security lines competes with the similarly named Clear system. (Priva Technologies)

**TOOLBOX**

🄰🄰🄰 Resize Text 🖨 Print This | ✉ Email This

**COMMENT** 💬

No comments have been posted about this item.

Comments are closed for this item.

⊕ Discussion Policy

**Who's Blogging**

powered by **sphere**

» Links to this article

The company's entry puts it on a collision course with the program's top provider, Verified Identity Pass, owned by media entrepreneur and author Steve Brill. Verified's services will be made available at Reagan National and Washington Dulles International airports next month.

Priva hopes to partner with National and Dulles, among other airports, but still must forge agreements and may face other barriers to getting its equipment approved. About 16 U.S. airports and 70,000 travelers take part in the program. Operators pay a fee to the airports.

Priva says it is distinct from other operators in several ways. First, it hopes to allow users to carry an electronic ticket on their identification card, thereby skipping the

Another Way to Clear Airport Security - washingtonpost.com

http://www.washingtonpost.com/wp-dyn/content/article/2008/02/17/AR2008021701802.html (2 of 3) [3/24/2008 5:16:31 PM]

normal ticketing area. The firm also hopes to make marketing offers available to fliers, such as a free beverage at the gate. And, Priva says it can charge less than $100 for its services.

"What we care about is security and privacy and pulling that together with convenience and value," said chief executive Jeff Minushkin. "The industry doesn't care about just getting you through the line faster."

Cindy Rosenthal, a spokeswoman for Verified Identity Pass, disagrees about the merits of offering extra bells and whistles.

"We found from doing lots and lots of studies that people don't want to mix that kind of information with their biometrics and with the information that's stored on the card," she said.

Verified Identity Pass and Priva may encounter another conflict: Verified's program is called Clear, while Priva's is called Cleared.

"Cleared" has been trademarked for years, but not originally for air-security purposes. Neither party seemed pleased.

"We definitely have to protect our trademark but we have not spoken to any of the companies in the marketplace," Minushkin said.

"I certainly do think we'd have a problem. That would be pretty confusing to the public," Rosenthal said.

— Zachary A. Goldfarb

Ads by Google

**People who read this also read . . .**

- J.P. Morgan Chase Raises Bear Stearns Bid
- David S. Broder - The Real Value Of Obama's Speech
- Peeps Show 2
- Rising Health Costs Cut into Wages




DISCOVERY BY aggregate knowledge

**Most Viewed Business Articles**

- J.P. Morgan Chase Raises Bear Stearns Bid
- Why We Borrow Until It Hurts
- Rising Health Costs Cut into Wages
- Take It From California Tortilla: Without Lots of Capital, You'll Fold

» Top 35 Most Viewed

© 2008 The Washington Post Company

http://www.washingtonpost.com/wp-dyn/content/article/2008/02/17/AR2008021701802.html (3 of 3) [3/24/2008 5:16:31 PM]

Advertisement

Want Clout in Business?
Join ANSI the American National Standards Institute
www.ansi.org

Another Way to Clear Airport Security - washingtonpost.com

Advertisement

A better job is right around the corner.

Find it now with CareerBuilder.com

careerbuilder.com

enter keywords

enter city

select state     ALL

Find Jobs

Advertisement

Featured Advertiser Links

• Malignant Mesothelioma, Trasylol, Asbestos, Heparin
• T-Shirts, Koozies, Custom T-Shirts, Hoodies, Sweatshirts
• Cool gadgets, hot deals. Visit CircuitCity.com today
• Roth or Traditional IRA? Which is right for you?
• 8 Secrets Your Credit Card Company Won't Tell You
• Looking for a new job outside Washington DC?
• Get tips on monitoring your credit. Learn more.
• Release years of toxins through the soles of your feet.
• HSBC Direct: Earn 3.55%APY* on your savings.
• RadioShack. Don't just buy stuff. Do stuff.
• HP has unique products to protect all your critical data

Jobs | Cars | Real Estate | Rentals | Shopping

News | Politics | Opinions | Local | Sports | Arts & Living | City Guide

SEARCH:            go    ◉washingtonpost.    ○Web: Results by Google™
                        com

                                                        Search
                                                        Archives

Help | Contact Us

washingtonpost.com: About Us | Work for Us | Advertisers | Site Map | Search Terms | Topics Index | Make us your homepage |
mywashingtonpost.com | Mobile | RSS | Widgets
The Washington Post: Subscribe | Subscriber Services | Advertisers | PostPoints | Electronic Edition | Online Photo Store | The Washington
Post Store | About The Post | National Weekly
The Washington Post Company: Information and Other Post Co. Websites

© Copyright 1996- 2008 The Washington Post Company | User Agreement and Privacy Policy | Rights and Permissions

# Exhibit B



# Priva Technologies Announces Picture Identification For Cleared Security Platform™

*New Feature To Be Significant Component Of Physical Access Solution*

**ARLINGTON, VA – August 18, 2004** – Priva Technologies, a developer of multi-factor authentication solutions, today announced the release of ClearedPic™, a picture identification feature contained in Release 2.0 of the Priva Cleared Authentication Suite for its Cleared Security Platform. The new capability allows a secured image of an enrolled user to be stored within their ClearedKey™ Biometric authentication token. Once an individual is authenticated from the Cleared Security Platform, the secured image can be released for display.

Priva developed the new picture identification feature to support its Physical Access Solution. "We are involved in a number of highly sensitive physical access programs, which require picture identification as another layer of verification," said Jeff Minushkin, Chief Executive Officer, Priva Technologies. "Being able to view individual photos upon building entry or, more particularly at security checkpoints, not only provides greater assurance of who is gaining access but in many cases also provides a quicker, more efficient screening process." He added.

A unique ClearedPic feature includes a number of elaborate measures taken to insure image integrity and security. "Our roadmap has been customer driven to excel in solving today's security concerns," said Jeff Berkman, Chief Technology Officer, Priva Technologies. "Any feature we incorporate within the Cleared Platform must be secure, reliable and trustworthy."

Priva also announced its scheduled plans to release a combined biometric token with embedded RFID designed to meet physical access standards, such as the widely used door access controllers. "compatibility with existing infrastructure is critical to our customers. Combining strong physical access with network based logical access achieves the strong customer desire for consolidation. We brought the two end-points together in a more secure manner," stated Minushkin "enhancing the security and efficiency of buildings and security checkpoints in the Government and commercial sectors will benefit the users as well as the facility owners."

## About Priva Technologies

Priva Technologies, Inc. is focused on redefining the concept of digital trust by creating a new class of identity authentication tools. Priva provides a stand-alone, secure authentication solution for the builders, owners and managers of transaction systems that need strong and flexible authentication security. Unlike other technologies that are notoriously hard to install or scale, have limited flexibility or are difficult for individuals to use, Priva's authentication system easily integrates with all sizes of enterprises and provides clear convenience for consumers. Priva, a privately held Delaware corporation, is headquartered in Arlington, VA, with engineering and technology facilities in Cupertino, CA. For more information, visit Priva Technologies at www.priva-tech.com

# Exhibit C

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2008-04-27 23:44:02 ET

**Serial Number:** 76424978 <u>Assignment Information</u>        <u>Trademark Document Retrieval</u>

**Registration Number:** 2826021

**Mark (words only):** CLEARED

**Standard Character claim:** No

**Current Status:** Registered.

**Date of Status:** 2004-03-23

**Filing Date:** 2002-06-25

**Transformed into a National Application:** No

**Registration Date:** 2004-03-23

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 108

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 900 -File Repository (Franconia)

**Date In Location:** 2004-03-29

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Priva Technologies, Inc.

**Address:**
Priva Technologies, Inc.
2300 North Clarendon Blvd. Suite 1100
Arlington, VA 222013383
United States

Latest Status Info

**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

---

## GOODS AND/OR SERVICES

---

**International Class:** 045
**Class Status:** Active
Providing automated identity authentication services for electronic transaction systems via logical software, digital, analog, and physical security mechanisms
**Basis:** 1(a)
**First Use Date:** 2001-11-01
**First Use in Commerce Date:** 2002-04-01

---

## ADDITIONAL INFORMATION

---

(NOT AVAILABLE)

---

## MADRID PROTOCOL INFORMATION

---

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

---

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2004-03-23 - Registered - Principal Register

2003-12-22 - Allowed for Registration - Principal Register (SOU accepted)

2003-12-09 - Case File In TICRS

2003-11-28 - Statement of use processing complete

2003-10-31 - Amendment to Use filed

2003-10-31 - PAPER RECEIVED

2003-05-06 - Notice of allowance - mailed

2003-02-11 - Published for opposition

Latest Status Info

2003-01-22 - Notice of publication

2002-12-13 - Approved for Pub - Principal Register (Initial exam)

2002-12-13 - Examiner's amendment mailed

2002-12-12 - Previous allowance count withdrawn

2002-12-04 - Approved for Pub - Principal Register (Initial exam)

2002-11-13 - Communication received from applicant

2002-11-13 - PAPER RECEIVED

2002-10-17 - Non-final action mailed

2002-10-15 - Assigned To Examiner

2002-10-11 - Assigned To Examiner

## ATTORNEY/CORRESPONDENT INFORMATION

### Attorney of Record
Brian D. Fergemann,

### Correspondent
BRIAN D. FERGEMANN,
WINSTON & STRAWN
35 W WACKER DR STE 4200
CHICAGO IL 60601-1695
Phone Number: (312) 558-5600
Fax Number: (312) 558-5600

# Exhibit D

Latest Status Info

## Thank you for your request. Here are the latest results from the **TARR web server.**

## This page was generated by the TARR system on 2008-04-27 23:46:01 ET

**Serial Number:** 76424976 Assignment Information          Trademark Document Retrieval

**Registration Number:** 2815577

**Mark**



**(words only):** CLEARED

**Standard Character claim:** No

**Current Status:** Registered.

**Date of Status:** 2004-02-17

**Filing Date:** 2002-06-25

**Transformed into a National Application:** No

**Registration Date:** 2004-02-17

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 108

## If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at **TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 40S -Scanning On Demand

**Date In Location:** 2007-06-07

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Priva Technologies, Inc.

**Address:**
Priva Technologies, Inc.
2300 North Clarendon Blvd. Suite 1100
Arlington, VA 222013383
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

## GOODS AND/OR SERVICES

**International Class:** 045
**Class Status:** Active
Providing automated identity authentication services for electronic transaction systems via logical software, digital, analog, and physical security mechanisms
**Basis:** 1(a)
**First Use Date:** 2001-11-01
**First Use in Commerce Date:** 2002-04-01

## ADDITIONAL INFORMATION

**Design Search Code(s):**
**14.11.02** - Keys of some other shape
**26.01.03** - Circles, incomplete (more than semi-circles); Incomplete circles (more than semi-circles)
**26.01.21** - Circles that are totally or partially shaded.

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2007-06-07 - Case File In TICRS

2004-02-17 - Registered - Principal Register

2003-12-02 - Allowed for Registration - Principal Register (SOU accepted)

2003-11-26 - Statement of use processing complete

2003-10-31 - Amendment to Use filed

2003-10-31 - PAPER RECEIVED

2003-05-06 - Notice of allowance - mailed

2003-02-11 - Published for opposition

2003-01-22 - Notice of publication

2002-12-16 - Approved for Pub - Principal Register (Initial exam)

2002-12-13 - Examiner's amendment mailed

2002-12-12 - Previous allowance count withdrawn

2002-12-04 - Approved for Pub - Principal Register (Initial exam)

2002-11-13 - Communication received from applicant

2002-11-13 - PAPER RECEIVED

2002-10-16 - Non-final action mailed

2002-10-11 - Assigned To Examiner

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Brian D. Fergemann

**Correspondent**
BRIAN D. FERGEMANN
WINSTON & STRAWN
35 W WACKER DR STE 4200
CHICAGO IL 60601-1695

Latest Status Info

Phone Number: (312) 558-5600
Fax Number: (312) 558-5700

# Exhibit E

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2008-04-27 23:47:35 ET

**Serial Number:** 76424977 <u>Assignment Information</u>          <u>Trademark Document Retrieval</u>

**Registration Number:** 2826020

**Mark (words only):** CLEARED A PRIVA TECHNOLOGIES SOLUTION

**Standard Character claim:** No

**Current Status:** Registered.

**Date of Status:** 2004-03-23

**Filing Date:** 2002-06-25

**Transformed into a National Application:** No

**Registration Date:** 2004-03-23

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 108

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 900 -File Repository (Franconia)

**Date In Location:** 2004-03-29

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

---

1. Priva Technologies, Inc.

**Address:**
Priva Technologies, Inc.
2300 North Clarendon Blvd. Suite 1100
Arlington, VA 222013383
United States

Latest Status Info

**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

---

## GOODS AND/OR SERVICES

---

**International Class:** 045
**Class Status:** Active
Providing automated identity authentication services for electronic transaction systems via logical software, digital, analog, and physical security mechanisms
**Basis:** 1(a)
**First Use Date:** 2001-11-01
**First Use in Commerce Date:** 2002-04-01

---

## ADDITIONAL INFORMATION

---

**Disclaimer:** "TECHNOLOGIES SOLUTIONS"

---

## MADRID PROTOCOL INFORMATION

---

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

---

### NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.

2004-03-23 - Registered - Principal Register

2003-12-22 - Allowed for Registration - Principal Register (SOU accepted)

2003-12-09 - Case File In TICRS

2003-11-28 - Statement of use processing complete

2003-10-31 - Amendment to Use filed

2003-10-31 - PAPER RECEIVED

2003-05-06 - Notice of allowance - mailed

2003-02-11 - Published for opposition

2003-01-22 - Notice of publication

2002-12-13 - Approved for Pub - Principal Register (Initial exam)

2002-12-13 - Examiner's amendment mailed

2002-11-13 - Communication received from applicant

2002-11-13 - PAPER RECEIVED

2002-10-16 - Non-final action mailed

2002-10-11 - Assigned To Examiner

---

## ATTORNEY/CORRESPONDENT INFORMATION

---

**Attorney of Record**
Brian D. Fergemann

**Correspondent**
BRIAN D. FERGEMANN
WINSTON & STRAWN
35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601
Phone Number: (312) 558-5600
Fax Number: (312) 558-5700

---

# Exhibit F



**News Release**

**Contact:**
John P. Grimaldi
Priva Technologies, Inc.
*www.cleared.com*
2300 North Clarendon Blvd.
Arlington, Va. 22201
New York Office Tel: 212-685-3800, Cell: 917-846-8485
*jgrimaldi@priva-tech.com*

FOR IMMEDIATE RELEASE
September 26, 2002

## PRIVA SUBMITS SECURE AUTHENTICATION PROPOSAL TO DEPARTMENT OF TRANSPORTATION

Company Says It Expects FIPS Certification For Proprietary Technology Before Year's End

ARLINGTON, VA, Sep 26 -- Priva Technologies, Inc. has submitted a proposal to the Department of Transportation for use of its Cleared Authentication Platform[TM] for second-generation employee access control.

Priva said its patent-pending, special purpose security and authentication microchip and derivative products have entered the manufacturing phase. The company also said that its proprietary technology has been submitted to the Department of Commerce for Federal Information Processing Standards [FIPS] certification and that it expects to receive FIPS 140-2 Level 2 certification before the end of the year.

FIPS certification is a requirement for sales of cryptography equipment to the U.S. government. In addition, many financial institutions require FIPS certification..

Priva said its approach is "distinctly different from other authentication technologies because we built the security platform from the ground up specifically for the purpose of providing robust security and identity verification," according to Jeff Minushkin, the company's chairman and CEO.

"The same platform provides access control for computers and computer networks, physical locations and wireless networks. At the heart of the Cleared platform is a proprietary Application Specific Integrated Circuit [ASIC] known as the ClearedChip[TM] that works in conjunction with a secure, host-based authentication server known as the ClearedSystem[TM] to provide positive multi-factor user identification in a manner that provides extraordinarily robust protection against intrusion," he said.

MORE…

The ClearedChip can be embedded in cell phones, PDAs and other handheld devices, but it is also the principal element in what Priva calls its ClearedKey[TM], a token device that plugs into the USB port of a personal computer or a USB interface in other devices, including physical access control points. "The embedded ClearedChips and the ClearedKey can be used with personal identification numbers [PINs], an on-chip biometric identity verification utility or with a combination of both a PIN and biometric identifier depending on the level of security that is needed," Minushkin explained.

The ClearedKey is roughly the size of a remote keyless entry device used for automobiles. Individual users simply insert the key in the USB connector on their computer or an inexpensive terminal unit, enter a PIN or biometric identifier, and they are securely authenticated. Using the same key, users can encrypt documents, e-mail, and instant messaging sessions and establish a secure virtual private network (VPN), according to the company.

"Because each ASIC can store and process the matching algorithms for multiple finger prints, the platform eliminates the need for a centralized biometric database, creates offline functionality and enables additional privacy for Cleared users. The system is designed to work with distributed systems and databases so that no one entity has access to all of somebody's personal information," Minushkin pointed out.

"As for security, the Cleared ASIC uses a variety of advanced technologies to make the chip exceptionally hacker-resistant, including Adaptive Morphing Technology[TM] which continuously morphs the codes that block, unblock and otherwise govern the information processed by its new chip to render it hacker-resistant."

And, he said, the Cleared platform works without third-party revocation systems and does not require third-party certificate authorities, thus avoiding the security risks of lost, compromised or misused certificates and the costs and other management issues associated with certificate systems, he added.

**About Priva**

Priva Technologies, Inc. provides a stand-alone, secure authentication solution for the builders, owners and managers of transaction systems that utilize, or should utilize authentication security. These include, applications that provide business-to-business transactions, enterprise security, secure e-mail, single-sign-on, travel reservations, online and offline purchases, payment services, banking, and financial products which are all empowered by user-friendly, highly secure authentication. Unlike other technologies that are notoriously hard to install or scale, have limited flexibility or are difficult for individuals to use, Priva's authentication system easily integrates with all sizes of enterprises and provides clear convenience for consumers. Priva, a privately held Delaware corporation, is headquartered in Arlington, VA, with engineering and technology facilities in Cupertino, CA.

###

**Contact:**
John P. Grimaldi, Priva Technologies, Inc., Tel: 703-524-3705, Cell: 917-846-8485, *jgrimaldi@priva-tech.com*

# Exhibit G

 

## For Release

**Contact:**

Elliott Baretz
O: (847) 955-0181
M: (224) 430-1238
ebaretz@priva-tech.com

Christopher Murray
O: (703) 691-8384        O:
M: (703) 969-3458
Cmurray@TechTravelers.com

# Priva Technologies and TechTravelers (TTi) Create an Advanced Traveler Platform

*Partnership Structured to Develop First Federally Compliant, Non-Repudiation Travel Platform*

**Dunn Loring, VA — July 14th** — Priva Technologies, the developer of the Cleared Security Platform™, today announced a new partnership with TechTravelers, Inc. (TTi), producer of the premier second generation Travel Planning Automation Solution *m*Travel™, and its Commercial Travel Passenger Security System and Process. The exclusive partnership will enable TTi and Priva to make a series of significant product enhancements as well as qualify for the federal government's proposed registered traveler program requirements.

The combined solution provides a method and process for aggregating, authenticating, verifying, processing and credentialing commercial travel passengers. The patent pending technology incorporates proprietary processes and credential verification, which can then be applied and delivered to the traveling population. Priva's Cleared Security Platform enables this set of processes in a portable device known as the ClearedKey™. The ClearedKey is currently being implemented by several solution providers to gain strong authentication, audit, credential storage and more—all features which directly relate to the travel solution.

"Business Travelers face challenges on a daily basis," Anthony Alberico, TTi President/COO, said. "*m*Travel™ removes those challenges through its robust functionality including one-click booking, calendar / PIM integration, Notiflyer™ mobile notifications, and TravelBank™ for tracking and reclaiming unused ticket segments and refunds. We found Priva Technologies' ClearedKey™ solution best fits our unique security model. By teaming exclusively with Priva Technologies, the combined solution with *m*Travel™ will provide an end-to-end solution from "booking to boarding" offering authentication, verification and non-repudiation and peace of mind for airport authorities, carriers, employers and travelers themselves."

"Priva Technologies is pleased that TTi has selected the Cleared Security Platform exclusively as it moves forward in developing a market leading solution for today's global traveler. By integrating our Cleared Security Platform with *m*Travel™, travelers, airlines, and governments

 

are provided an efficient mechanism assuring a simple to use, voluntary system and process that assures traveler authentication", said Jeff Minushkin, "Our platform provides trust, authentication, audit and identity management capabilities, as was integrated with TechTravelers" said Jeff Minushkin, "there are few industries that can claim a greater need for verified authentication and auditing and we are pleased to partner in this capacity."

Under the direction of Priva and TTi, a corporate traveler program is being implemented to address the wide ranging requirements of Government from a security standpoint, economic benefit from a Corporate standpoint, and convenience and efficiency desired by the corporate traveler.

**About: TechTravelers (TTi)**
TechTravelers (TTi) is a provider of managed travel software solutions. *m*Travel™ is the first and only solution in the industry that is available as either an ASP or an enterprise edition. Additionally, *m*Travel™ is the only solution that provides TravelBank™, an automated reclamation of unused tickets and ticket segments. TTi's *m*Travel™ software suite integrates with all major global distribution services (GDS) including Sabre, Galileo, WorldSpan and Magellan. Architecturally open for integration and fully scalable, TTi's *m*Travel™ software suite bridges the gaps between traveler, employer, travel agent and accounting. Mobile and Managed, TTi is with you all the way because of its *m*Travel™ features:

- **Single Click Travel Planning**
- **Calendar Integration and Automated Planning**
- **NotiFlyer™**
- **TravelBank™**
- **Expense Automation**

For more information, visit TechTravelers at www.TechTravelers.com.

**About Priva Technologies**
Priva Technologies, Inc. is focused on redefining the concept of digital trust by creating a new class of identity authentication tools. Priva provides a stand-alone, secure authentication solution for the builders, owners and managers of transaction systems that need strong and flexible authentication security. Unlike other technologies that are notoriously hard to install or scale, have limited flexibility or are difficult for individuals to use, Priva's authentication system easily integrates with all sizes of enterprises and provides clear convenience for consumers. Priva, a privately held Delaware corporation, is headquartered in Arlington, VA, with facilities in San Jose, CA.

For more information, visit Priva Technologies at www.priva-tech.com

# Exhibit H

# Priva bets on chip

*I.J. Hudson, Tech Reporter, WRC-TV, NBC TV 4, July 10, 2003*

STORY: http://www.nbc4.com/technology/2327524/detail.html

INTRO: http://www.nbc4.com/technology/

SEE THE FILMED REPORT:
http://nbc4.feedroom.com/index.jsp?auto_band=x&rf=sv&fr_story=8d895e5305af11097b7cbd35cac5b3c7862ba537



*Another layer of security*
*Network security is a growing concern because of potential cyber attacks and, at the consumer level, identity theft. An Arlington, VA company has added another layer of security to make it harder for unauthorized users to use computers or join networks.*

It's a tiny computer chip that adds a 4th level of security, a 4th way to prove that you are who you say you are to the computer you want to use, and even the network it's connected to. You could fit several of these chips on a dime.

It's called the ClearedChip and is made by Priva Technologies of Arlington, Virginia.

The chip fits inside the ClearedKey. It looks like USB flash storage, but Priva says it fits a whole lot of security into a small package.

Many systems already let people identify themselves through passwords, personal ID numbers, and fingerprints. The Cleared system from Priva combines all of those layers with its little chip. The user must pass all the tests at the same time.

If I try to log on to the system with my fingerprint. It says no. And while some hackers can imitate smart cards currently being used, Priva says it impossible to imitate its chip. "Every time it's used, (it) actually changes itself, so it's never the same chip from one transaction to the next. So therefore, we not only know that the person is the right person, that we actually know that the device itself, and more importantly, the chip inside the device are the right chip," says Priva's Jeffrey Minushkin.

The Cleared system promises more security for a variety of things, including access to secure areas and more secure e-commerce. It could also be part of a National Transportation Card. Cleared travelers could move through shorter lines.

Minushkin says Priva could help thwart a lot of identify theft. "From simple payments, how do I protect my payment information? With identity theft growing as the fastest crime, how do we start to solve those problems, this technology allows that to take place."
The chip also has been designed to be embedded, to fit inside those little gadgets that keep us connected to the office and each other, from cell phones and PDA - anything that has important information on it, or can connect to the Internet.

Priva is talking to government agencies as well as financial institutions.

*Copyright 2003 by nbc4.com*

# Exhibit I

On TechRepublic: 10 illegal job interview questions

BNET Business Network:
     BNET
     TechRepublic
     ZDNet

ZDNet

Search      all ZDNet      Go!

- Members login
- Newsletters
- Site Assistance
- RSS Feeds

- Home
- News & Blogs
- Videos
- White Papers
- Downloads
- Reviews
- Popular

- home/
- ZDNet News & Blogs/
- Security

# Priva adds picture ID to four-factor authentication

**Tags:** Nadia Ilyin

By Nadia Ilyin, News.com
Posted on ZDNet News: Aug 30, 2004 6:04:00 PM

**Priva Technologies is adding support for a secured image of the enrolled user to its "four-factor" Cleared Security Platform. The digital picture is stored in the user's ClearedKey biometric authentication token, along with fingerprints. Once the system has authenticated the user, it can release the picture for display so that the user's identity can be further verified.**

Security experts refer to three factors that can be used to authenticate a person: what you have (for example, a token or card), what you know (a PIN) and who you are (a physical characteristic such as fingerprints). The Cleared Security Platform supports the use of two

to three of these factors for strong authentication, and last year Priva claimed to be adding a fourth factor: an "adaptive morphing technology" that protects the token and is constantly changing. This technology prevents a hacker from breaking through the authentication layer--although it does not prevent the token from being lost or stolen.

To gain access, a user inserts the ClearedKey token, which has an integrated fingerprint reader, into the USB port of a computer with Cleared software on it, or into a POS terminal. (Thus the user's true location is known.) The system first validates the entire platform from ClearedKey to the ClearedHost authentication server, which can be a network appliance or a managed service. Next, a secure communication session is established between the token and the host. Finally, the user is authenticated.

The system supports user verification with a PIN and/or multiple fingerprint biometrics as well as the new image feature. A specific combination of fingerprints in a particular order can be required. The system is configurable to support a variety of security policies.

Priva said that another variation of the security token with embedded RFID "wanding" technology is also in the works "to make physical access even simpler."

An API allows customers to implement Cleared authentication within existing systems. Pluggable authentication modules also are available.

The Cleared Security Platform with ClearedPic image support is available now. Pricing varies with the levels of security and authentication required, the number of units, and other factors, but it ranges from approximately $30 to $150 per user.



## Blogs

- All About Microsoft
- The Apple Core
- Between The Lines
- Digital Cameras
- Hardware 2.0
- Laptops and Desktops
- Real World IT
- SOHO Networking
- Zero Day

## Product Reviews

- Digital Cameras & Camcorders
- Laptops
- Desktops
- LCD and Plasma TVs

## Videos

- CIO Vision Series
- At The Whiteboard
- News Video

## White Papers and Webcasts

- Business Management
- Career Development
- Infrastructure Management
- ManageMobile - Wireless Communications
- Network Security
- Webcasts

## Downloads

- Internet Tools and Utilities
- Spyware Removers
- System Optimizers and Diagnostics
- System Utilities

## More

- Photo Galleries
- Latest News & Blogs
- Podcasts

ZDNet

- Hardware, IT Management, Networking, Operating Systems, Photo Galleries, Security, Software, Web Technology, All News, Dev Connection, Emerging Technology, Enterprise Alley, Googling Google, GreenTech Pastures, IP Telephony, IT Project Failures, Linux and Open Source, Managing Linux, The Social Web, Storage Bits, Virtually Speaking, Podcasts

- A/V Receivers, Digital Cameras and Camcorders , Desktops, Laptops, LCD and Plasma TVs, Monitors, MP3 Players / Portable Video , Handhelds / PDAs , Smartphones, Software, Storage,

  The Toybox, Digital Cameras, Laptops and Desktops, Mobile Gadgeteer, SOHO Networking

- Cost Control / Risk Management, Customer Support Services, IT HR / Staffing / Training, Resources Management, Strategic Planning, Webcasts,

  Antivirus Software, File and Disk Management Utilities, Image Editing , Privacy

Software, Shell and Desktop Management Enhancements

- 
- 

- About CNET Networks
- Jobs
- Advertise
- Partnerships

Select Site        Go

Copyright © 2008 CNET Networks, Inc. All Rights Reserved. Privacy Policy | Terms of Use

# Exhibit J

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2008-04-28 00:01:10 ET

**Serial Number:** 78514034 <u>Assignment Information</u>          <u>Trademark Document Retrieval</u>

**Registration Number:** (NOT AVAILABLE)

**Mark**

# VERIFIED TRAVELER

**(words only):** VERIFIED TRAVELER

**Standard Character claim:** Yes

**Current Status:** Abandoned: No Statement of Use filed after Notice of Allowance was issued.

**Date of Status:** 2006-05-30

**Filing Date:** 2004-11-09

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 102

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 700 -Intent To Use Section

**Date In Location:** 2005-11-29

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Verified Identity Pass, Inc.

**Address:**
Verified Identity Pass, Inc.
45 Rockefeller Plaza Suite 868
New York, NY 10111
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

## GOODS AND/OR SERVICES

**International Class:** 009
**Class Status:** Active
Magnetically coded card swipe readers; electronic card readers; optical swipe readers;
biometric thumb print readers.
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

**International Class:** 016
**Class Status:** Active
Non-magnetically encoded biometric cards that are continuously updated for secured entry
into and exit from buildings used for access control.
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2006-08-02 - Abandonment Notice Mailed - No Use Statement Filed

2006-08-02 - Abandonment - No use statement filed

2005-11-29 - Notice of allowance - mailed

2005-09-06 - Published for opposition

2005-08-17 - Notice of publication

2005-07-26 - Law Office Publication Review Completed

2005-07-22 - Assigned To LIE

2005-07-18 - Approved for Pub - Principal Register (Initial exam)

2005-07-15 - Amendment From Applicant Entered

2005-07-11 - Communication received from applicant

2005-07-11 - TEAS Response to Office Action Received

2005-06-15 - Non-final action e-mailed

2005-06-15 - Non-Final Action Written

2005-06-14 - Assigned To Examiner

2004-11-15 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Monica B. Richman

**Correspondent**
MONICA B. RICHMAN
BROWN RAYSMAN MILLSTEIN FELDER & STEINER
900 3RD AVE
NEW YORK, NY 10022-4728

Latest Status Info

Phone Number: 212-895-2000
Fax Number: 212-895-2900

Latest Status Info

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2008-04-28 00:02:17 ET

**Serial Number:** 78514030 <u>Assignment Information</u>        <u>Trademark Document Retrieval</u>

**Registration Number:** (NOT AVAILABLE)

**Mark**



**(words only):** VERIFIED ID EXPRESS

**Standard Character claim:** Yes

**Current Status:** Abandoned: No Statement of Use filed after Notice of Allowance was issued.

**Date of Status:** 2006-08-08

**Filing Date:** 2004-11-09

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 113

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 700 -Intent To Use Section

**Date In Location:** 2006-02-07

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Verified Identity Pass, Inc.

**Address:**
Verified Identity Pass, Inc.
45 Rockefeller Plaza Suite 868
New York, NY 10111
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

## GOODS AND/OR SERVICES

**International Class:** 009
**Class Status:** Active
Magnetically coded card swipe readers; electronic card readers; optical swipe readers;
biometric thumb print readers
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

**International Class:** 016
**Class Status:** Active
Non-magnetically encoded biometric cards that are continuously updated for secured entry
into and exit from buildings used for access control
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2006-10-12 - Abandonment Notice Mailed - No Use Statement Filed

2006-10-12 - Abandonment - No use statement filed

2006-02-07 - Notice of allowance - mailed

2005-12-27 - Extension Of Time To Oppose Process - Terminated

2005-11-01 - Extension Of Time To Oppose Received

2005-09-27 - Published for opposition

2005-09-07 - Notice of publication

2005-08-04 - Law Office Publication Review Completed

2005-08-02 - Assigned To LIE

2005-07-22 - Approved for Pub - Principal Register (Initial exam)

2005-07-19 - Teas/Email Correspondence Entered

2005-07-11 - Communication received from applicant

2005-07-11 - TEAS Response to Office Action Received

2005-06-17 - Priority Action E-Mailed

2005-06-17 - Priority Action Written

2005-06-14 - Assigned To Examiner

2004-11-15 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Monica B. Richman

**Correspondent**

Latest Status Info

MONICA B. RICHMAN
BROWN RAYSMAN MILLSTEIN FELDER & STEINER
900 3RD AVE
NEW YORK, NY 10022-4728
Phone Number: 212-895-2000
Fax Number: 212-895-2900

Latest Status Info

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2008-04-28 00:03:35 ET

**Serial Number:** 78510613 <u>Assignment Information</u>          <u>Trademark Document Retrieval</u>

**Registration Number:** (NOT AVAILABLE)

**Mark**



**(words only):** REGISTERED TRAVELER

**Standard Character claim:** Yes

**Current Status:** Abandoned: Applicant's express request.

**Date of Status:** 2005-07-01

**Filing Date:** 2004-11-03

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 112

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** M30 -TMO Law Office 112

**Date In Location:** 2005-06-08

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Verified Identity Pass, Inc.

**Address:**
Verified Identity Pass, Inc.
45 Rockefeller Plaza Suite 868
New York, NY 10111
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

## GOODS AND/OR SERVICES

**International Class:** 016
**Class Status:** Active
Non-magnetically encoded biometric cards that are continuously updated for secured entry into and exit from buildings used for access control; magnetic coded card swipe readers; electronic card readers; optical swipe readers; biometric thumb print readers
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2005-07-01 - Abandonment Notice Mailed - Express Abandonment

2005-07-01 - Abandonment - Express mailed

2005-06-30 - TEAS Express Abandonment Received

2005-06-08 - Non-final action e-mailed

2005-06-08 - Non-Final Action Written

2005-06-08 - Previous allowance count withdrawn

2005-06-08 - Approved for Pub - Principal Register (Initial exam)

2005-06-08 - Assigned To Examiner

2004-11-12 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Monica B. Richman

**Correspondent**
MONICA B. RICHMAN
BROWN RAYSMAN MILLSTEIN FELDER & STEINER
900 3RD AVE
NEW YORK, NY 10022-4728
Phone Number: 212-895-2000
Fax Number: 212-895-2900

# Exhibit K

Latest Status Info

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2008-04-27 23:54:55 ET

**Serial Number:** 78581446 Assignment Information          Trademark Document Retrieval

**Registration Number:** 3082152

**Mark**

# CLEAR

**(words only):** CLEAR

**Standard Character claim:** Yes

**Current Status:** Registered.

**Date of Status:** 2006-04-18

**Filing Date:** 2005-03-07

**Transformed into a National Application:** No

**Registration Date:** 2006-04-18

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 114

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 650 -Publication And Issue Section

**Date In Location:** 2006-04-18

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Verified Identity Pass, Inc.

**Address:**
Verified Identity Pass, Inc.
600 Third Avenue, 10th Floor
New York, NY 10016
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

## GOODS AND/OR SERVICES

**International Class:** 016
**Class Status:** Active
Non-magnetically encoded biometric cards that are continuously updated for entry into secured areas within buildings
**Basis:** 1(a)
**First Use Date:** 2005-03-18
**First Use in Commerce Date:** 2005-06-19

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2007-11-19 - Applicant/Correspondence Changes (Non-Responsive) Entered

2007-11-19 - TEAS Change Of Owner Address Received

Latest Status Info

2007-11-08 - Attorney Revoked And/Or Appointed

2007-11-08 - TEAS Revoke/Appoint Attorney Received

2007-01-19 - TEAS Change Of Correspondence Received

2007-01-10 - TEAS Change Of Correspondence Received

2006-04-18 - Registered - Principal Register

2006-01-24 - Published for opposition

2006-01-04 - Notice of publication

2005-12-08 - Law Office Publication Review Completed

2005-12-08 - Assigned To LIE

2005-12-07 - Amendment From Applicant Entered

2005-11-23 - Communication received from applicant

2005-12-02 - Assigned To LIE

2005-11-28 - Approved for Pub - Principal Register (Initial exam)

2005-11-28 - Amendment to Use approved

2005-11-23 - Amendment to use processing complete

2005-11-23 - Amendment to Use filed

2005-11-28 - Amendment From Applicant Entered

2005-11-25 - Communication received from applicant

2005-11-23 - TEAS Amendment of Use Received

2005-11-23 - TEAS Response to Office Action Received

2005-09-27 - Non-final action e-mailed

2005-09-27 - Non-Final Action Written

2005-09-27 - Assigned To Examiner

2005-03-14 - New Application Entered In Tram

Latest Status Info

---

## ATTORNEY/CORRESPONDENT INFORMATION

---

**Attorney of Record**
Rosemary S. Tarlton

**Correspondent**
Rosemary S. Tarlton
Morrison & Foerster LLP
425 Market Street
San Francisco CA 94105-2482
Phone Number: 415 268 6810
Fax Number: 415 268 7522

---

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2008-04-27 23:56:47 ET

**Serial Number:** 78758773 <u>Assignment Information</u>        <u>Trademark Document Retrieval</u>

**Registration Number:** 3104078

**Mark**



**(words only):** CLEAR

**Standard Character claim:** No

**Current Status:** Registered.

**Date of Status:** 2006-06-13

**Filing Date:** 2005-11-21

**Transformed into a National Application:** No

**Registration Date:** 2006-06-13

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 111

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 650 -Publication And Issue Section

**Date In Location:** 2006-06-13

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Verified Identity Pass, Inc.

**Address:**
Verified Identity Pass, Inc.
600 Third Avenue, 10th Floor
New York, NY 10016
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

## GOODS AND/OR SERVICES

**International Class:** 009
**Class Status:** Active
Encoded smart cards containing biometric programming used for entry into secured areas
**Basis:** 1(a)
**First Use Date:** 2005-03-18
**First Use in Commerce Date:** 2005-06-19

**International Class:** 016
**Class Status:** Active
Non-magnetically encoded biometric cards that are continuously updated for entry into secured areas
**Basis:** 1(a)
**First Use Date:** 2005-03-18
**First Use in Commerce Date:** 2005-06-19

**International Class:** 039
**Class Status:** Active
Airport services
**Basis:** 1(a)
**First Use Date:** 2005-03-18
**First Use in Commerce Date:** 2005-06-19

## ADDITIONAL INFORMATION

**Color(s) Claimed:** The color(s) BLUE is/are claimed as a feature of the mark.

**Description of Mark and Any Color Part(s):** The color blue appears in the square portion of the design.

**Design Search Code(s):**
**26.11.21** - Rectangles that are completely or partially shaded

---

## MADRID PROTOCOL INFORMATION

---

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

---

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2007-11-19 - Applicant/Correspondence Changes (Non-Responsive) Entered

2007-11-19 - TEAS Change Of Owner Address Received

2007-11-08 - Attorney Revoked And/Or Appointed

2007-11-08 - TEAS Revoke/Appoint Attorney Received

2007-01-19 - TEAS Change Of Correspondence Received

2007-01-10 - TEAS Change Of Correspondence Received

2006-06-13 - Registered - Principal Register

2006-03-21 - Published for opposition

2006-03-01 - Notice of publication

2006-02-07 - Law Office Publication Review Completed

2006-02-03 - Assigned To LIE

2006-01-25 - Approved for Pub - Principal Register (Initial exam)

2006-01-25 - Examiners amendment e-mailed

2006-01-25 - Examiners Amendment -Written

2006-01-24 - Assigned To Examiner

2005-12-01 - Notice Of Design Search Code Mailed

2005-11-29 - New Application Entered In Tram

---

## ATTORNEY/CORRESPONDENT INFORMATION

---

### Attorney of Record
Rosemary S. Tarlton

### Correspondent
Rosemary S. Tarlton
Morrison & Foerster LLP
425 Market Street
San Francisco CA 94105-2482
Phone Number: 415 268 6810
Fax Number: 415 268 7522

---

Latest Status Info

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2008-04-27 23:58:01 ET

**Serial Number:** 78599860 <u>Assignment Information</u>          <u>Trademark Document Retrieval</u>

**Registration Number:** 3118406

**Mark**

CLEAR

**(words only):** CLEAR

**Standard Character claim:** Yes

**Current Status:** Registered.

**Date of Status:** 2006-07-18

**Filing Date:** 2005-04-01

**Transformed into a National Application:** No

**Registration Date:** 2006-07-18

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 115

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 830 -Post Registration

**Date In Location:** 2008-03-07

Latest Status Info

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

---

1. Verified Identity Pass, Inc.

**Address:**
Verified Identity Pass, Inc.
600 Third Avene, 10th Floor
New York, NY 10016
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

---

## GOODS AND/OR SERVICES

---

**International Class:** 039
**Class Status:** Active
Airport services
**Basis:** 1(a)
**First Use Date:** 2005-03-18
**First Use in Commerce Date:** 2005-06-19

---

## ADDITIONAL INFORMATION

---

(NOT AVAILABLE)

---

## MADRID PROTOCOL INFORMATION

---

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

---

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-01-14 - Section 7 correction issued

2007-12-12 - Assigned To Paralegal

2007-11-20 - TEAS Section 7 Request Received

Latest Status Info

2007-11-19 - Applicant/Correspondence Changes (Non-Responsive) Entered

2007-11-19 - TEAS Change Of Owner Address Received

2007-11-08 - Attorney Revoked And/Or Appointed

2007-11-08 - TEAS Revoke/Appoint Attorney Received

2007-01-19 - TEAS Change Of Correspondence Received

2007-01-11 - TEAS Change Of Correspondence Received

2006-07-18 - Registered - Principal Register

2006-06-02 - Law Office Registration Review Completed

2006-05-26 - Assigned To LIE

2006-05-25 - Allowed for Registration - Principal Register (SOU accepted)

2006-05-25 - Statement of use processing complete

2006-05-09 - Amendment to Use filed

2006-05-09 - TEAS Statement of Use Received

2006-03-28 - Notice of allowance - mailed

2006-02-14 - Assigned To Examiner

2006-01-03 - Published for opposition

2005-12-14 - Notice of publication

2005-11-15 - Law Office Publication Review Completed

2005-11-04 - Assigned To LIE

2005-10-31 - Approved for Pub - Principal Register (Initial exam)

2005-10-29 - Assigned To Examiner

2005-04-07 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

Latest Status Info

---

## Attorney of Record
Rosemary S. Tarlton

## Correspondent
Rosemary S. Tarlton
Morrison & Foerster LLP
425 Market Street
San Francisco CA 94105-2482
Phone Number: 415 268 6810
Fax Number: 415 268 7522

---