1  DOUGLAS H. HENDRICKS (CA SBN 83611)
   DHendricks@mofo.com
2  ROSEMARY S. TARLTON (CA SBN 154675)
   BRIAN L. LEVINE (CA SBN 246726)
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
5  Facsimile:   (415) 268-7522

6  Attorneys for Plaintiff and Counter-Defendant
   VERIFIED IDENTITY PASS, INC., D/B/A CLEAR
7  REGISTERED TRAVELER

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12  VERIFIED IDENTITY PASS, INC., d/b/a          Case No.    CV-08-1123 JW
    CLEAR REGISTERED TRAVELER,
13                                               **ANSWER TO PRIVA**
                    Plaintiff,                   **TECHNOLOGIES, INC.'S**
14                                               **COUNTERCLAIMS**
            v.
15                                               **DEMAND FOR JURY TRIAL**
    PRIVA TECHNOLOGIES, INC.,
16
                    Defendant.
17

18  PRIVA TECHNOLOGIES, INC.,

19                  Counterclaimant,

20          v.

21  VERIFIED IDENTITY PASS,INC., d/b/a
    CLEAR REGISTERED TRAVELER,
22
                    Counter-Defendant.
23

24

25

26

27

28

In answer to Defendant and Counterclaimant Priva Technologies, Inc.'s ("Priva")'s Counterclaims; Plaintiff and Counter-Defendant Verified Identity Pass, Inc., ("Verified") hereby states as follows:

1.      Verified admits that Priva purports to bring the claims listed and that the Court has subject matter jurisdiction over these counterclaims.  Verified denies the remaining allegations of paragraph 1 of Priva's counterclaims.

2.      Verified admits that Priva has engineering facilities in Cupertino, California and that Priva was granted a U.S. Registration for the CLEARED mark.  Verified lacks sufficient information to admit or deny the remaining allegations of paragraph 2 of Priva's counterclaims.

3.      Verified lacks sufficient information to admit or deny the allegations of paragraph 3 of Priva's counterclaims.

4.      Verified lacks sufficient information to admit or deny the allegations of paragraph 4 of Priva's counterclaims.

5.      Verified lacks sufficient information to admit or deny the allegations of paragraph 5 of Priva's counterclaims.

6.      Verified denies the allegations of paragraph 6 of Priva's counterclaims.

7.      Verified lacks sufficient information to admit or deny the allegations of paragraph 7 of Priva's counterclaims.

8.      Verified admits the allegations of paragraph 8 of Priva's counterclaims, except Verified lacks sufficient information to admit or deny the authenticity of Exhibit C.

9.       Verified admits the allegations of paragraph 9 of Priva's counterclaims, except Verified lacks sufficient information to admit or deny the authenticity of Exhibit D.

10.     Verified admits the allegations of paragraph 10 of Priva's counterclaims, except Verified lacks sufficient information to admit or deny the authenticity of Exhibit E.

11.     Verified denies the allegations of paragraph 11 of Priva's counterclaims, except admits that in some circumstances, a properly obtained federal trademark registration may confer on its owner a presumption of validity of the mark and may confer a presumption of the exclusive

1   right to use the mark in commerce with respect to the specific services properly set forth in the

2   registration.

3        12.    Verified lacks sufficient information to admit or deny the allegations of

4   paragraph 12 of Priva's counterclaims, except denies that the goods and services offered under

5   Priva's CLEARED mark have achieved an "extraordinary reputation."

6        13.    Verified lacks sufficient information to admit or deny the allegations of

7   paragraph 13 of Priva's counterclaims.

8        14.    Verified lacks sufficient information to admit or deny the allegations of

9   paragraph 14 of Priva's counterclaims.

10       15.    Verified lacks sufficient information to admit or deny the allegations of

11  paragraph 15 of Priva's counterclaims.

12       16.    Verified lacks sufficient information to admit or deny the allegations of

13  paragraph 16 of Priva's counterclaims.

14       17.    Verified lacks sufficient information to admit or deny the allegations of

15  paragraph 17 of Priva's counterclaims.

16       18.    Verified lacks sufficient information to admit or deny the allegations of

17  paragraph 18 of Priva's counterclaims.

18       19.    Verified lacks sufficient information to admit or deny the allegations of

19  paragraph 19 of Priva's counterclaims.

20       20.    Verified lacks sufficient information to admit or deny the allegations of

21  paragraph 20 of Priva's counterclaims.

22       21.    Verified lacks sufficient information to admit or deny the allegations of

23  paragraph 21 of Priva's counterclaims.

24       22.    Verified lacks sufficient information to admit or deny the allegations of

25  paragraph 22 of Priva's counterclaims.

26       23.    Verified lacks sufficient information to admit or deny the allegations of

27  paragraph 23 of Priva's counterclaims.

28

24.     Verified lacks sufficient information to admit or deny the allegations of paragraph 24 of Priva's counterclaims.

25.     Verified lacks sufficient information to admit or deny the allegations of paragraph 25 of Priva's counterclaims, except that it admits that the TSA has announced its purported determination that Priva meets the TSA's "minimum criteria" to offer registered traveler services and that the registered traveler program permits members, whose security status is verified by the TSA, and whose identity, among other things, is confirmed at the airport, expedited access to airport security.  Verified denies that all entities that have met the TSA's minimum criteria to offer registered traveler services are required by the TSA to authenticate the identity of participants, or that all negotiate directly with airports or airlines.

26.     Verified denies the allegations of paragraph 26 of Priva's counterclaims, except that it lacks sufficient information to admit or deny Priva's development and marketing activities.

27.     Verified denies the allegations of paragraph 27 of Priva's counterclaims, except admits that Verified uses the CLEAR mark in connection with registered traveler airport services and associated registered traveler cards, and that prior to allowing access to its registered traveler lane, it confirms the identity of passengers, among other things, in order to ensure that the person seeking access is a valid and current member of a registered traveler program.

28.     Verified denies the allegations of paragraph 28 of Priva's counterclaims, except admits that Verified uses the CLEAR mark in connection with registered traveler airport services and associated registered traveler cards since 2005, and that prior to allowing access to its registered traveler lane, it confirms the identity of passengers, among other things, in order to ensure that the person seeking access is a valid and current member of a registered traveler program.

29.     Verified lacks sufficient information to admit or deny the allegations of paragraph 29 of Priva's counterclaims.

30.     Verified admits the allegations of paragraph 30 of Priva's counterclaims, but denies that the CLEAR card is a "security card," and denies that authenticating the identity of passengers is sufficient to constitute operation as a provider of registered traveler services.

31.     Verified denies the allegations of paragraph 31 of Priva's counterclaims.

32.     Verified admits the allegations of paragraph 32 of Priva's counterclaims, except Verified lacks sufficient information to admit or deny the authenticity of Exhibit J.

33.     Verified admits the allegations of paragraph 33 of Priva's counterclaims, except denies that U.S. Registration No. 3,118,406 was filed in January 2006, that U.S. Registration No. 3,104,078 was only filed in International Class 16 and that this registration was only for "[n]on-magnetically encoded biometric cards that are continuously updated for entry into secured areas." Verified lacks sufficient information to admit or deny the authenticity of Exhibit K.

34.     Verified denies the allegations of paragraph 34 of Priva's counterclaims, except that it admits that the first-use dates and the first-use-in-commerce dates for all three of its CLEAR trademark registrations are March 18, 2005 and June 19, 2005, respectively, that its first contract with an airport to provide registered traveler services was awarded in June 2005, and that it had not used the CLEAR mark on all goods and services included in its CLEAR registrations at the time it filed its first application for the CLEAR mark on March 7, 2005.

35.     Verified denies the allegations of paragraph 35 of Priva's counterclaims.

36.     Verified denies the allegations of paragraph 36 of Priva's counterclaims, except admits that it conducted a search prior to filing its first application to register CLEAR and lacks sufficient information to admit or deny whether its "due diligence" was "standard" due to the ambiguity of this term.

37.     Verified denies the allegations of paragraph 37 of Priva's counterclaims.

38.     Verified denies the allegations of paragraph 38 of Priva's counterclaims.

39.     Verified denies the allegations of paragraph 39 of Priva's counterclaims.

40.     Verified denies the allegations of paragraph 40 of Priva's counterclaims.

41.     Verified denies the allegations of paragraph 41 of Priva's counterclaims.

42.     Verified denies the allegations of paragraph 42 of Priva's counterclaims.

43.     Verified denies the allegations of paragraph 43 of Priva's counterclaims, except admits that, as with any company with a strong national reputation, a handful of the thousands of

media reports regarding Verified's registered traveler services have included some negative comments.

44.    Verified denies the allegations of paragraph 44 of Priva's counterclaims, except admits that there would be a confusing similarity between the CLEAR and CLEARED mark when both are used with respect to registered traveler services.

45.    Verified admits the allegations of paragraph 45 of Priva's counterclaims.

46.    Verified denies the allegations of paragraph 46 of Priva's counterclaims, except admits that Priva's entrance into the registered traveler market using its CLEARED mark is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or affiliation with respect to Verified's established and well-known senior CLEAR mark.

47.    Verified denies the allegations of paragraph 47 of Priva's counterclaims.

48.    Verified denies the allegations of paragraph 48 of Priva's counterclaims.

## FIRST COUNTERCLAIM
### Infringement of Federally Registered Trademarks
### (Lanham Act § 32,15 U.S.C. § 1114)

49.    Verified incorporates by reference and realleges its responses to each of the paragraphs above.

50.    Verified denies the allegations of paragraph 50 of Priva's counterclaims.

## SECOND COUNTERCLAIM
### False Designation of Original/Trademark Infringement In
### Violation of Lanham Act § 43(a)(I)(A), 15 U.S.C. § 1125(a)(I)(A)

51.    Verified incorporates by reference and realleges its responses to each of the paragraphs above.

52.  Verified denies the allegations of paragraph 52 of Priva's counterclaims.

## THIRD COUNTERCLAIM
### Trademark Dilution under Federal Law
### (Lanham Act § 43(c), 15 U.S.C. § 1125(c))

53.    Verified incorporates by reference and realleges its responses to each of the paragraphs above.

54.     Verified denies the allegations of paragraph 54 of Priva's counterclaims, except admits that Verified uses the CLEAR mark in connection with registered traveler airport services and associated registered traveler cards since 2005, and that prior to allowing access to its registered traveler lane, it confirms the identity of passengers, among other things, in order to ensure that the person seeking access is a valid and current member of a registered traveler program.

55.     Verified denies the allegations of paragraph 55 of Priva's counterclaims.

56.     Verified denies the allegations of paragraph 56 of Priva's counterclaims.

**FOURTH COUNTERCLAIM**
**Trademark Dilution Under California Law**
**(California Business & Professions Code Section 14247)**

57.     Verified incorporates by reference and realleges its responses to each of the paragraphs above.

58.     Verified denies the allegations of paragraph 58 of Priva's counterclaims, except admits that Verified uses the CLEAR mark in connection with registered traveler airport services and associated registered traveler cards since 2005, and that prior to allowing access to its registered traveler lane, it confirms the identity of passengers, among other things, in order to ensure that the person seeking access is a valid and current member of a registered traveler program.

59.     Verified denies the allegations of paragraph 59 of Priva's counterclaims.

60.     Verified denies the allegations of paragraph 60 of Priva's counterclaims.

**FIFTH COUNTERCLAIM**
**Trademark Infringement And Unfair Competition**
**Under California Common Law**

61.     Verified incorporates by reference and realleges its responses to each of the paragraphs above.

62.     Verified denies the allegations of paragraph 62 of Priva's counterclaims.

63.     Verified denies the allegations of paragraph 63 of Priva's counterclaims.

1
2

**SIXTH COUNTERCLAIM**
**Cancellation of VIP's Claimed Federal Registrations and Rectification**
**of the Trademark Register**

3      64.    Verified incorporates by reference and realleges its responses to each of the

4      paragraphs above.

5      65.    Verified denies the allegations of paragraph 65 of Priva's counterclaims.

6      66.    Verified denies the allegations of paragraph 66 of Priva's counterclaims.

7      67.    Verified denies the allegations of paragraph 67 of Priva's counterclaims.

8      68.    Verified denies the allegations of paragraph 68 of Priva's counterclaims.

9      69.    Verified denies the allegations of paragraph 69 of Priva's counterclaims.

10
11

**SEVENTH COUNTERCLAIM**
**Unlawful Business Practices**
**(California Business & Professions Code Section 17200)**

12      70.    Verified incorporates by reference and realleges its responses to each of the

13      paragraphs above.

14      71.    Verified denies the allegations of paragraph 71 of Priva's counterclaims.

15      72.    Verified denies the allegations of paragraph 72 of Priva's counterclaims.

16                                **DEFENSES**

17      Verified asserts the following defenses, without regard to whether they are "affirmative"

18      defenses or matters to which plaintiff has the burden of proof.

19                              **FIRST DEFENSE**

20      Plaintiff's complaint fails to state a claim upon which relief can be granted.

21                             **SECOND DEFENSE**

22      Plaintiff's claims are barred by relevant statutes of limitations.

23                              **THIRD DEFENSE**

24      Plaintiff's claims are barred by its failure to mitigate damages.

25                             **FOURTH DEFENSE**

26      Plaintiff's claims are barred by unclean hands.

27                              **FIFTH DEFENSE**

28      Plaintiff's claims are barred by estoppel.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIXTH DEFENSE**

Plaintiff's claims are barred by waiver.

**SEVENTH DEFENSE**

Plaintiff's claims are barred by laches.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by consent and acquiescence.

**NINTH DEFENSE**

Plaintiff's claims are barred by fraud pursuant to Lanham Act Section 33(b), 15 U.S.C. § 1115(b).

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rules 3-6, Verified demands a trial by jury.

Dated: June 6, 2008

DOUGLAS L. HENDRICKS
ROSEMARY S. TARLTON
BRIAN L. LEVINE
MORRISON & FOERSTER LLP


By:_____/s/ Douglas L. Hendricks_____
Douglas L. Hendricks
Attorneys for Plaintiff and Counter-Defendant,
VERIFIED IDENTITY PASS, INC., d/b/a
CLEAR REGISTERED TRAVELER

ANSWER TO PRIVA'S TECHNOLOGIES, INC.'S COUNTERCLAIMS, Case No. CV-08-1123 JW

pa-1235492

8