1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDREW P. BRIDGES (SBN: 122761)
abridges@winston.com
JENNIFER A. GOLINVEAUX (SBN: 203056)
jgolinveaux@winston.com
K. JOON OH (SBN: 246142)
koh@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400

Attorneys for Defendant and Counterclaimant
PRIVA TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIFIED IDENTITY PASS, INC., d/b/a CLEAR REGISTERED TRAVELER,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>PRIVA TECHNOLOGIES, INC.,<br><br>Defendant and Counterclaimant | Case No. CV-08-1123 JW<br><br>**DEFENDANT AND COUNTERCLAIMANT PRIVA'S CASE MANAGEMENT STATEMENT**<br><br>Date:           September 8, 2008<br>Time:           10:00 a.m.<br>Location:       Courtroom 8, 4th Floor<br><br>The Honorable James Ware |

1       On July 2, 2008, counsel for Plaintiff and Counter-Defendant and counsel for Defendant

2   and Counterclaimant met and conferred pursuant to Federal Rule of Civil Procedure 26(f) and

3   Civil Local Rule 16-3.  The parties have been working together to draft a joint case management

4   statement.  As of the time of this filing, the parties needed additional time to review and

5   complete a joint statement.  The delay in filing a joint statement is not due to any dispute or

6   disagreement between the parties.  The parties merely require additional time to finalize a joint

7   statement, which the parties expect to have ready early next week.  To comply with the Court's

8   deadline of August 29, 2008, Defendant and Counterclaimant submits this Case Management

9   Statement on its own behalf.  Defendant and Counterclaimant hopes that the Court will allow the

10  parties to file a substitute joint case management statement as early as Tuesday.

11      1.    <u>Jurisdiction and Service</u>:  No dispute exists regarding subject matter jurisdiction,

12  personal jurisdiction, or proper venue.  This Court has jurisdiction over this action pursuant to 15

13  U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28

14  U.S.C. § 1338(a) (any Act of Congress relating to trademarks); 28 U.S.C. § 1338(b) (action

15  asserting claim of unfair competition joined with a substantial and related claim under the

16  trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).  All parties have been served

17  or have waived service in this action.

18      2.    <u>Facts</u>:

19      Founded in 1999, Priva Technologies, Inc. ("Priva") develops and markets advanced identity

20  authentication technologies and transaction processing solutions for a variety of government,

21  enterprise, and consumer markets under its mark CLEARED.  Identity authentication service

22  providers commonly use security cards and tokens to authenticate identity for a variety of purposes,

23  such as retail purchases, logging on to computers and computer networks, viewing physical and

24  electronic documents, and safeguarding entry to physical areas — including secured areas in

25  buildings — in a variety of settings — including office buildings, government and military facilities,

26  and airports.

27      Priva has used its CLEARED mark in commerce, including its use in connection with its

28  identity authentication services and related products, as early as 2002.  Priva's flagship product, its

1  Cleared Security Platform, is a leading identity authentication and audit system. The Cleared

2  Security Platform features the ClearedKey (a USB-based security token the size of a keychain fob

3  with an integrated fingerprint reader) and the ClearedChip (an advanced security-certified

4  microchip). Once an individual touches the ClearedKey token, the Cleared Security Platform

5  authenticates that person's identity so the individual can access a secured environment.

6       Priva owns three federal registrations for its CLEARED mark that issued in 2004. Priva has

7  prominently used its CLEARED house brand and mark in connection with a host of identity

8  authentication products and services including the CLEARED SECURITY PLATFORM,

9  CLEAREDCHIP,  CLEAREDHOST,  CLEAREDKEY,  CLEAREDPIC,  CLEAREDPAY,

10 CLEAREDBADGE, and CLEARED OMNIPASS ENTERPRISE.

11      Priva has marketed its CLEARED branded identity authentication goods and services for use

12 in connection with providing authorized individuals access to secure physical sites since at least as

13 early as 2002. The press has reported on the applicability of Priva's CLEARED goods and services

14 to allow travelers to clear security lines expeditiously for years. For example, in the summer of

15 2003, an NBC4 news report detailed Priva's CLEARED identity authentication goods and services,

16 such as the ClearedKey and ClearedChip, and different uses for the Cleared system, including as

17 **"part of a national transportation card. ClearedTravelers could move through shorter lines"**;

18 to gain **"access to secure areas"**; with "e-commerce, including online banking to reduce identity

19 theft"; and inside cell phones, PDAs, and anything else that connects to the Internet. Priva has also

20 presented Priva's CLEARED branded services and goods to the federal government for use at

21 physical access control points, including to accelerate security screening for travelers.

22      In 2005, Priva formed the Cleared Travel Corporation to provide travel-related goods and

23 services, including as part of the Transportation Security Administration's ("TSA") registered

24 traveler program, utilizing Priva's Cleared Security Platform. The Cleared Security Platform and the

25 ClearedKey products are ideally suited for the registered traveler program, providing an elegant,

26 one-touch solution to verify registered travelers.

27      In January 2008, the TSA approved Priva as an authorized Service Provider for the TSA's

28 registered-traveler program. Priva's participation in the registered-traveler program is a natural

1  application of the identity authentication services goods and services it has long provided. Priva has
2  been developing and marketing identity authentication security solutions for government agencies,
3  financial institutions, and transportation providers for years.

4      In addition, VIP has received negative press from national and local news sources and trade
5  publications criticizing its implementation, execution, and operation of its registered traveler service,
6  most recently regarding a security breach that forced VIP to suspend new enrollments for a time.
7  VIP's infringing use of the CLEAR mark is likely to harm Priva's stellar reputation.

8      On April 24, 2008, Priva answered Verified Identify Pass, Inc.'s ("VIP") complaint and filed
9  counterclaims for trademark infringement, unfair competition, and trademark dilution based upon
10  VIP's junior use of a mark, CLEAR, which is nearly identical to Priva's CLEARED mark and likely
11  to cause confusion as to source, sponsorship, and affiliation of the parties' goods and services.

12      3.    Legal Issues:

13      The principal legal issues are

14      a.    which company has senior rights in its respective trademarks;

15      b.    whether Priva's use of its CLEARED mark for registered-traveler services and goods
16  is a natural expansion of Priva's identity authentication services;

17      c.    whether VIP's knowledge and conduct precludes it from relief;

18      d.    whether VIP's junior use of a nearly identical mark is likely to dilute and tarnish
19  Priva's mark;

20      e.    whether coexistence of the brands is legally possible in a context of inevitable
21  confusion;

22      f.    whether Priva is entitled to damages for VIP's alleged infringement, unfair
23  competition and/or dilution;

24      g.    whether VIP engaged, engages, or will engage in unlawful, unfair, and fraudulent
25  business practices in violation of California Business & Professions Code § 17200; and

26      h.    whether Priva is entitled to an injunction, declaratory relief, and rectification of the
27  federal trademark register.

28      4.    Motions:

1    <u>Pending Motions</u>:  There are no previous or pending motions.  Priva anticipates that

2  motions for judgment on the pleadings and/or motions for summary judgment may be filed at

3  some point in the future.

4    Pre-Trial Motions:  Priva does not currently anticipate pre-trial motions, though that may

5  change as discovery progresses.

6    5.    <u>Amendment of Pleadings</u>:  At this time Priva does not anticipate amending its

7  pleadings.  Priva proposes that the deadlines and standards for amending the pleadings should be

8  consistent with the Federal Rules of Civil Procedure.

9    6.    <u>Evidence Preservation</u>:  Priva has taken appropriate steps to preserve evidence

10  relevant to the issues.

11    7.    <u>Disclosures</u>:  On July 25, 2008, VIP produced non-confidential initial disclosure

12  documents, including copies of the trademark files in questions, documents regarding the Registered

13  Traveler industry and VIP's presence therein, and documents related to the notoriety of VIP's

14  CLEAR mark.

15    On July 24, 2008, Priva served its initial disclosures pursuant to Federal Rule of Civil

16  Procedure 26(a)(1) and the Stipulation and Order Regarding Case Schedule, as modified by the

17  Court on June 2, 2008.

18    8.    <u>Discovery</u>:

19    <u>Status of Discovery</u>:  On July 8, 2008, VIP served Priva with VIP's First Request for

20  Production of Documents and Things.  Priva provided its objections and responses to VIP's Requests

21  on August 13, 2008, and is in the process of preparing the requested documents or things for

22  production.  On August 13, 2008, Priva also served VIP with Priva's First Set of Requests for

23  Production of Documents, First Requests for Admissions, and First Set of Interrogatories.  VIP's

24  response to Priva's discovery is due September 15, 2008.

25    Unless otherwise stated herein, Priva proposes following the general rules and limitations on

26  discovery as set forth in the Federal Rules of Civil Procedure, Civil Local Rules, Standing Orders

27  and other orders issued by the Court in this matter.

28

1    Depositions:  No depositions have been taken in this case to date.  Priva proposes following

2  the default rules and limitations on depositions as set forth in the Federal Rules of Civil Procedure,

3  including  Federal  Rule  of  Civil  Procedure  30(a)(2)(A)(i)  and  its  default  number  of  ten  (10)

4  depositions per side.

5    Interrogatories:  Priva proposes following the default rules and limitations on interrogatories

6  as  set  forth  in  the  Federal  Rules  of  Civil  Procedure,  including  the  default  number  of  25

7  interrogatories per side.

8    Expert Discovery:  Priva proposes that expert disclosure and expert discovery take place after

9  the close of fact discovery.

10    Scope of Anticipated Discovery:

11    Priva will need discovery on the factual and legal discussed above, including

12    • likelihood of confusion among customers and potential customers;

13    • information regarding VIP's use of the CLEAR mark;

14    • information regarding VIP's advertisements;

15    • information regarding VIP's selection, adoption, and use of the CLEAR mark;

16    • VIP claims;

17    • VIP claimed defenses;

18    • VIP's claimed damages;

19    • Priva's damages;

20    • VIP's knowledge regarding Priva, its business, and its CLEARED mark;

21    • VIP's trademark selection and adoption process.

22    Electronically  Stored  Information:    Priva  proposes  to  produce  electronically  stored

23  information in .tiff format with load files.  Priva reserves the right to seek native files from the

24  producing party when necessary.

25    Protective Order:  The parties filed a stipulated protective order with the Court on August 18,

26  2008, which the Court entered on August 27, 2008.

27    Schedule:

28    Proposed discovery and disclosure deadlines are set forth below in Section 17.

1      9.    <u>Class Actions</u>:  This is not a class action.

2      10.    <u>Related Cases</u>:  To Priva's knowledge, there is no related case or proceeding pending

3 before another judge of this court, or before another court or administrative body.

4      11.    <u>Relief</u>:

5 Priva has requested entry of judgment in its favor and against VIP as follows:

6      A.    Preliminarily and permanently enjoining VIP, and all persons in active concert or

7 participation with it,

8      ●    from use of names or marks confusingly similar to Priva's CLEARED mark,

9 including the mark CLEAR;

10      ●    from acts that dilute Priva's CLEARED mark, including use of the mark CLEAR;

11      ●    from representing by any means whatsoever, directly or indirectly, that VIP and its

12 products, services, and commercial activities are associated in any way with Priva or its products or

13 services, and from otherwise taking any other action likely to cause confusion, mistake, or deception;

14      ●    from doing any other acts calculated or likely to cause confusion or mistake in the

15 mind of the public or to lead others to believe that VIP's services or products come from or are the

16 services or products of Priva, or are somehow sponsored by or associated with Priva; and

17      ●    from otherwise unfairly competing with Priva or misappropriating Priva's reputation

18 and goodwill;

19      B.    Ordering VIP to deliver up for destruction all products, labels, signs, prints, packages,

20 wrappers, receptacles, advertisements, web pages, and other articles bearing the infringing mark

21 CLEAR in its possession or under its control;

22      C.    Awarding Priva its actual damages and VIP's unjust and unlawful profits arising from

23 VIP's misconduct;

24      D.    Ordering restitution to Priva of VIP's unjust enrichment and unlawful gains to the

25 detriment of Priva;

26      E.    Awarding Priva additional damages and profits of three times the actual damages and

27 profits, together with attorneys' fees;

28

F.      Declaring that VIP is not entitled to continued federal registration of the CLEAR marks and ordering the Director of the United States Patent and Trademark Office to cancel registration or otherwise to rectify the register with respect to the registrations;

G.      Awarding Priva costs of suit; and

H.      Granting such other relief as the Court may determine just and equitable.

12.     <u>Settlement and ADR</u>:  The parties agreed to participate in ENE and on July 10, 2008, the Court ordered that the "presumptive deadline" for ENE to take place would be October 8, 2008.

13.     <u>Magistrate Judge</u>:  Priva does not consent, at this time, to assignment of this case to a United States Magistrate Judge to conduct further proceedings including trial and entry of judgment.

14.     <u>Other References</u>:  Priva does not believe, at this time, that this action is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     <u>Narrowing of Issues</u>:  Priva does not believe, at this time, that there are any additional issues which can be narrowed by agreement, motion, or suggestions from the Court or Stipulation at this time.

16.     <u>Expedited Schedule</u>:  At this time, Priva does not believe that this case can be handled on an expedited basis.

17.     <u>Scheduling</u>:

| **Event** | **VIP's Date** | **Priva's Date** |
| --- | --- | --- |
| Last Day To Amend Pleadings | | See Section 5 |
| Fact Discovery Closes | | March 2, 2009 |
| Simultaneous Disclosure Of Experts; Expert Discovery Opens | | April 6, 2009 |
| Expert Discovery Closes, including depositions of experts | | June 8, 2009 |
| Last Day for Hearing Dispositive Motions | | July 13, 2009 |
| Final Pretrial Conference | | August 28, 2009 |

| Event | VIP's Date | Priva's Date |
|-------|-----------|--------------|
|  |  |  |
| Trial |  | September 14, 2009 |

18.　Trial: Priva requests that this case be tried in front of a jury.  Priva expects trial to last approximately five court days.

19.　Disclosure of non-party interested entities:

VIP had no interested entities or non-parties to report, and filed its disclosures as required by Civil Local Rule 3-16.

See Priva's Certificate of Interested Entities filed April 28, 2008.  Priva has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3.16.  As set forth in those Certifications, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (1) have a financial interest in the subject matter in controversy or in part of the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding: Jeffrey Minushkin, Maverick Fund USA, Ltd., Maverick Fund, L.D.C., and Maverick Fund II, Ltd.

20.　Additional Matter

Priva does not have any additional matters to raise at this time.

DATED:  August 29, 2008　　　　　ANDREW P. BRIDGES
　　　　　　　　　　　　　　　　K. JOON OH
　　　　　　　　　　　　　　　　JENNIFER A. GOLINVEAUX
　　　　　　　　　　　　　　　　WINSTON & STRAWN LLP


　　　　　　　　　　　　　　　By ___/s/ K. Joon Oh_____
　　　　　　　　　　　　　　　　　K. Joon Oh
　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　PRIVA TECHNOLOGIES, INC.
////